PITTSBURGH JAYCEES et al.

v.

UNITED STATES JAYCEES.

Civ. A. No. 80–912.

United States District Court,
W. D. Pennsylvania.

March 12, 1981.

·Michael Louik, Berger, Kapetan, Malakoff & Meyers, Pittsburgh, Pa., for plaintiffs.

P. Christian Hague, Meyer, Unkovic & Scott, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

WEBER, Chief Judge.

This action for injunctive relief involved an attempt to enjoin defendants from revoking the charter of the plaintiffs due to their policy to grant full membership to women. It was initiated in state court, but was removed to this court by the defendant.

The parties immediately began settlement negotiations and the defendant refrained from filing an answer pending the outcome. When negotiations broke down, plaintiff informed defendant of their intention to dismiss voluntarily under Rule 41(a)(1). As a protective measure, the defendant quickly filed an answer to block the dismissal without court approval.

The motion for voluntary dismissal was granted by this court without prejudice. Two conditions were imposed: a requirement that any subsequent suit on the same matter be refiled in this court at the same case number, and an award of attorney's fees.

Plaintiff has filed a motion to alter or amend judgment, requesting that this court change that portion of the order granting dismissal which awards attorney's fees. Plaintiffs claim that it was defendants who unduly protracted this litigation by purposely frustrating their attempt to dismiss without court approval. Furthermore, they argue that such an award will impose a hardship on plaintiffs that should be considered.

■ Whether or not to award attorney's fees is a matter within the authority and discretion of the court and is very common as a condition to a voluntary dismissal. *Yoffe v. Keller Industries, Inc.*, 580 F.2d 126 (5th Cir. 1978); *Kolman v. Kolman*, 58 F.R.D. 632 (W.D.Pa.1973); *Meltzer v. National Airlines, Inc.*, 31 F.R.D. 47 (E.D.Pa. 1962); Wright and Miller, Ch. 7, § 2366, pp. 178–180. Conditions imposed by the court to voluntary dismissals are for the protection of the defendant. *Yoffe v. Keller Industries,* supra; *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601 (5th Cir. 1976); *Selas Corp. of America v. Wilshire Oil Co. of Texas,* 57 F.R.D. 3 (E.D.Pa.1972).

■ Plaintiff argues that the award in this case is burdensome and will impose a hardship. The comparative hardships of the parties are to be weighed in determining what conditions are to be imposed. *Meltzer v. National Airlines,* supra at 51. But the hardships normally discussed involve some legal complication related to the lawsuit itself, not simply the hardship of having to pay an award. Plaintiff cannot be excused from this condition simply because they can't afford it. Furthermore, if financial hardship is a proper consideration, we must also account for the time and expense the defendants have incurred in litigation of this action.

■ The plaintiff also argues that the award of fees is inequitable in this case since it was the defendant who protracted the litigation by filing a responsive pleading for the very purpose of blocking voluntary dismissal under Rule 41(a)(1). But it was also the defendant who in good faith postponed the filing of an answer for several weeks to engage in settlement negotiations. When the negotiations broke down, they filed their answer in order to have their rights protected by the court. Rather than have all their past efforts wasted, the defendant sought the court's intervention. There is nothing improper or unfair about such a tactic that would render an award of attorney's fees inequitable in this litigation.

AND NOW, this 12th day of March, 1981, IT IS ORDERED that plaintiffs' motion to alter or amend judgment is DENIED. IT IS FURTHER ORDERED that a hearing on the matter of attorney's fees shall be held at *2 P.M. on Monday, March 23, 1981,* for the purpose of an explanation of some of the work listed in defendant's affidavit about which the court has some question.