JOHN EVANS SONS, INC.

v.

MAJIK–IRONERS, INC.

Civ. A. No. 75–1747.

United States District Court,
E. D. Pennsylvania.

Aug. 23, 1982.

Judith R. Cohn, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for plaintiff.

Stanley H. Cohen, Caesar, Rivise, Bernstein & Cohen, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Before the Court is the motion of plaintiff John Evans Sons, Inc. (Evans) to dismiss its complaint. Defendant Majik-Ironers, Inc. (Majik-Ironers) has filed objections to the motion to dismiss and moves this Court to enter an order either denying the motion or granting the motion, provided it is a dismissal with prejudice and with an award of counsel fees and costs. Evans' motion was the subject of a March 5, 1982 memorandum in which the Court determined that,

In view of the fact that this case was about to go to trial when the motion for voluntary dismissal was filed, and the defendant having filed objections to the motion, the Court has determined that a hearing is necessary so that this Court may ascertain the facts which it should consider in determining whether to grant or deny the motion and, in the event the Court determines that the motion should be granted, whether the dismissal should be "with" or "without" prejudice and whether costs and counsel fees should be awarded and the amount of such reasonable counsel fees.

The Court also noted in its memorandum that there remained to be resolved questions regarding the status of Majik-Ironer's counterclaim. A hearing was held on Evans' motion on April 21, 1982. For the reasons which follow the Court has determined to grant Evans' motion to dismiss with prejudice.

Evans brought this action pursuant to sections 1 and 2 of the Sherman Act and section 4 of the Clayton Act against Majik-Ironers and Ametek, Inc. Plaintiff and Ametek entered into a settlement agreement and the complaint against Ametek has been dismissed with prejudice.

As to Majik-Ironers, plaintiff alleges that it has sustained injuries to its trade and business by virtue of the fraudulent procurement of certain patents for prestressed coil springs by Majik-Ironers and the subsequent use of those patents by Majik-Ironers to exclude others, including plaintiff. Plaintiff also asserts against Majik-Ironers a claim for the common law tort of unfair competition.

Majik-Ironers has filed a counterclaim in which it asks for a declaratory judgment that it did not perpetrate a fraud on the United States Patent and Trademark Office in connection with the procurement of the patents covering prestressed coil springs. Majik-Ironers also asks the Court to declare that it has not violated the antitrust laws nor engaged in acts constituting unfair competition as to Evans. Finally, Majik-Ironers requests costs and attorneys' fees

incurred in its defense of this action and in the prosecution of its counterclaim.

In April 1977, the parties advised this Court that the issues in this case would be determined by the trial of *Ametek v. Pacific Spring Engineering Corp.*, a case represented to be ready for trial in the United States District Court for the Central District of California and, pursuant to these representations, the Court placed this case in a civil suspense file where it remained until March 15, 1978 when Evans dismissed defendant Ametek with prejudice on the basis of a settlement which had been negotiated in California in connection with *Ametek v. Pacific Spring Engineering Corp.* In April 1978, Majik-Ironers filed its answer and counterclaim. All through this period it was represented to the Court that settlement negotiations were taking place between Evans and Majik-Ironers and that the remaining issues would probably be settled. It appearing to the Court that settlement efforts had been to no avail, this Court in an order dated July 13, 1981 denied the motion of Majik-Ironers to dismiss the complaint, denied the motion of Majik-Ironers to strike the complaint, and denied Evans' motion to dismiss the counterclaim of Majik-Ironers or in the alternative for summary judgment. A Final Pretrial Conference was eventually scheduled for November 3, 1981.

On October 26, 1981 Evans filed its motion to dismiss the complaint stating that the recovery it had received from Ametek as a result of the settlement in the California litigation had made it economically unworthwhile to pursue its claim against Majik-Ironers. As heretofore stated, Majik-Ironers has objected to the dismissal, contending that dismissal of the action would prejudice Majik-Ironers in that they have already invested a good deal of time and money in defending this action. In light of this alleged prejudice, Majik-Ironers further contends that the Court should deny the motion to dismiss or, if the Court grants Evans' motion to dismiss, it should dismiss the complaint with prejudice and award Majik-Ironers attorneys' fees.

A hearing was held on this matter on April 21, 1982, at which time Evans' counsel informed that Court that Evans would consent to a dismissal with prejudice, but opposed an award of attorneys' fees and requested costs to Majik-Ironers on the ground that Majik-Ironers would not be prejudiced by a dismissal with prejudice and that Majik-Ironers would not have been entitled to attorneys' fees in this action even if they succeeded in a trial on the merits.

Evans' motion for a voluntary dismissal was apparently filed pursuant to Fed. R. Civ. P. 41(a)(2) which provides:

> (2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule [not applicable here], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Before reaching the merits of Evans' motion for voluntary dismissal or Majik-Ironers' request for the imposition of conditions on any such dismissal, the Court must first consider what effect, if any, Majik-Ironers' counterclaim may have on the disposition of the motion. The second sentence of Rule 41(a)(2) appears to bar a court from granting a voluntary dismissal of an action against the defendant's objection where a counterclaim has been pleaded by the defendant prior to service upon him of the plaintiff's motion to dismiss and the counterclaim cannot remain pending for independent adjudication by the court if the main claim is dismissed. The purpose of this provision in the Rule is to preserve the court's jurisdiction over the parties and the counterclaim. 9 Wright & Miller, *Federal Practice and Procedure,* § 2365 at 175 [hereinafter Wright & Miller]. The Rule, however, has a limited application. "[T]he rule applies only when there is a permissive counterclaim that can be maintained without an independent ground for jurisdiction, as when it is a setoff, or in other unusual circumstances in which the counterclaim would fall if the plaintiff's claim was dismissed." *Id.* The Rule does not bar dismissal, however, where there is federal jurisdiction over the plaintiff's claim and the counterclaim is a compulsory counterclaim under Rule 13 because the court has ancillary jurisdiction to decide the counterclaim even though the plaintiff's claim is dismissed. *Moore v. New York Cotton Exchange,* 270 U.S. 593, 608, 46 S.Ct. 367, 370, 70 L.Ed. 750 (1926); *Pipeliners Local Union No. 798, Tulsa, Oklahoma v. Ellerd,* 503 F.2d 1193, 1199 (10th Cir. 1974); *Angelucci v. Continental Radiant Glass Heating Corporation,* 51 F.R.D. 314 (M.D. Pa. 1971); *Moore's Federal Practice* ¶ 41.09 at 41–109 (2d ed. 1982); 9 Wright & Miller § 2365 at 175.

In this case there is no question that this Court has jurisdiction over Evans' claims pursuant to 15 U.S.C. § 15, 28 U.S.C. §§ 1332 [1] and 1337 and Majik-Ironers' counterclaim is clearly a compulsory counterclaim under Fed. R. Civ. P. 13 insofar as it arises out of the same transactions as those giving rise to the Evans' claims. Therefore, even if there was no independent jurisdictional basis for the counterclaim in this case, the Court could retain ancillary jurisdiction over the counterclaim after dismissal of the Evans' claims. *Moore v. New York Cotton Exchange, supra; Pipeliners Local Union No. 798, Tulsa, Oklahoma v. Ellerd, supra; Angelucci v. Continental Radiant Glass Heating Corporation; supra.* Thus, the provision of Rule 41(a)(2) relating to counterclaims does not bar this Court from dismissing the complaint.

---

1. John Evans Sons, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania. Majik-Ironers is a Texas corporation with its principal place of business in Texas.

■ However, a second, and more compelling, reason exists for concluding that the counterclaim in this case does not preclude granting Evans' motion over Majik-Ironers' objections. Specifically, if a counterclaim "merely serves to restate the controversy set forth in the complaint it may be stricken as redundant." 5 Moore's Federal Practice ¶ 41.09 at 41–110; See Lieberman v. Merkin, 2 F.R.D. 315 (E.D. Pa. 1940); Cheney Co. v. Cunningham, 29 F.Supp. 847 (W.D. Pa. 1939). In this case, Evans, prior to filing the instant motion, filed a motion to dismiss Majik-Ironers's counterclaim contending that the counterclaim raised no issues not raised in the complaint and that there is no relief that may be granted Majik-Ironers on the counterclaim which it would not be awarded if it were successful in its defense of the action. The Court, however, in a memorandum and order dated July 13, 1981, denied Evans' motion to dismiss the counterclaim stating that it then appeared difficult to determine in advance of trial whether the counterclaim was redundant. The Court added that "If it turns out at trial that a decision on the merits of the plaintiff's complaint will dispose of the controversy between the parties and render declaratory judgment unnecessary, the counterclaim may be dismissed at that time." Since Evans has consented to dismissal of the complaint with prejudice and such a dismissal is subject to the usual rules of res judicata making it effective not only as to the immediate parties but also as to their privies, the Court is now in a position to determine whether the dismissal of the complaint with prejudice will dispose of the controversy between the parties and render declaratory judgment unnecessary.

The Court has re-examined the counterclaim for declaratory relief and Evans' complaint and has determined that Majik-Ironers' counterclaim for declaratory relief is redundant of the claims set forth in the complaint. As heretofore stated, Majik-Ironers seeks a declaration that it did not perpetrate a fraud on the Patent Office in connection with the procurement of the patents covering prestressed coil springs and that its actions with respect to these patents did not violate the antitrust laws or constitute unfair competition with respect to Evans. The dismissal with prejudice of Evans' complaint asserting violations of the antitrust laws and unfair competition based on Majik-Ironers' activities relating to the procurement and use of the patents covering prestressed coil springs will once and for all dispose of the controversy between these parties thereby rendering the issues in the counterclaim moot and declaratory judgment unnecessary. Therefore, the Court will enter an order dismissing the counterclaim and will dismiss Majik-Ironers' counterclaim for declaratory relief on the ground that it is redundant.

■ Having determined that the counterclaim in this action not only does not bar a voluntary dismissal of the complaint but that it will be dismissed as redundant, the Court will now consider the merits of Evans' motion for voluntary dismissal. Whether a dismissal should be granted on a Rule 41(a)(2) motion lies within the sound discretion of the Court. Ockert v. Union Barge Line Corp., 190 F.2d 303, 304–05 (3d Cir. 1951); 9 Wright & Miller § 2364 at 161. The purpose of the Rule is primarily to prevent voluntary dismissals which will prejudice the opposing party, and to permit the Court to impose curative conditions by the Court to avoid such prejudice. Id. at 165. Generally, courts have followed the principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. See Westinghouse Electric Corp. v. United Electrical Radio and Machine Workers of America, 194 F.2d 770, 771 (3d Cir. 1952); 9 Wright & Miller § 2365 at 165. In a case such as this, where the plaintiff has consented to dismissal with prejudice, the contention that the motion should not be granted is unpersuasive. As stated by Professor Moore,

A different situation may be presented where the plaintiff moves to dismiss with prejudice. A trial court may abuse its discretion in denying such a motion where dismissal would terminate the en-

 

tire action since courts should not conduct useless trials. Caution should be exercised, however, in considering such a motion in multiple party litigation, since the interests of parties to claims not subject to the motion should also be considered. 5 Moore's Federal Practice ¶ 41.05[1] at 41–74; *See Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir. 1964); *Slotkin v. Brookdale Hospital Center,* 377 F.Supp. 275 (S.D.N.Y. 1974). A dismissal of this action with prejudice terminates the entire action and will avoid a useless trial. Furthermore, there is no potential for prejudice to Majik-Ironers since the dismissal of Evans' case with prejudice will give Majik-Ironers the basic relief which it seeks, i.e., a final determination of the controversy in its favor and freedom from the possibility of further suit by the plaintiff and its privies on the same cause of action. For these reasons the Court will grant Evans' motion for a voluntary dismissal of this action with prejudice.

The question remains, however, as to whether the Court should impose any further conditions on the dismissal as requested by Majik-Ironers; specifically, whether the Court should condition the dismissal on Evans' payment of the requested costs and counsel fees. There is no question that Rule 41(a)(2) authorizes a court to award costs and attorneys' fees as a condition of voluntary dismissal and numerous courts have done so where a voluntary dismissal has been granted *without prejudice.* See 9 Wright & Miller § 2366; 5 Moore's Federal Practice ¶ 41.06 and cases cited therein. The purpose of the awards in such cases is to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy. However, this consideration is not present in a case such as this where the dismissal is with prejudice. Indeed, it has been held that if the dismissal is with prejudice the court lacks power to require an attorney's fee to be paid, barring exceptional circumstances. *Mobile Power Enterprises, Inc. v. Power Vac. Inc.,* 496 F.2d 1311 (10th Cir. 1974); *Smoot v. Fox,* 353 F.2d 830 (6th Cir. 1965); *Lawrence v. Fuld,* 32 F.R.D. 329 (D.C. Md.

1963). This is not a case in which Majik-Ironers would normally have been entitled to an award of attorney's fees upon the termination of the litigation on the merits and the Court does not find any exceptional circumstances warranting an award of counsel fees. Furthermore, we note that the termination of this litigation by a dismissal with prejudice gives Majik-Ironers the benefit of a final determination of the controversy without the additional expense it would have incurred by proceeding with a trial on the merits. Therefore, the Court will not impose the payment of attorneys' fees and the costs requested as a condition of the dismissal with prejudice.

For the reasons heretofore stated, the Court will enter an order: (1) dismissing the counterclaim of defendant Majik-Ironers, Inc.; (2) granting the motion of plaintiff John Evans Sons, Inc. to voluntarily dismiss the complaint *with prejudice;* and (3) denying the motion of defendant Majik-Ironers for an order denying voluntary dismissal or, in the alternative, granting dismissal *with prejudice* conditioned upon the plaintiff paying attorneys' fees and costs as requested.