**Melvin G. PEIFER, Plaintiff,**

v.

**ROYAL BANK OF CANADA, Defendant.**

**Civ. No. 86–1008.**

United States District Court, M.D. Pennsylvania.

Dec. 30, 1986.

John S. Hollister, Troy, Pa., for plaintiff.

John C. Youngman, Jr., Williamsport, Pa., Robert Brundige, Jr., Hughes, Hubbard & Reed, New York City, for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff filed a Complaint in the Court of Common Pleas of Bradford County on June 23, 1986 alleging, *inter alia*, a violation of the RICO statute by defendant. Defendant filed a Petition for Removal to this court on July 25, 1986 together with a Motion for Summary Judgment as to Count I of the Complaint (Negligence) and to Dismiss Count II of the Complaint (RICO) and a Brief in Support thereof. Plaintiff then filed a Motion to Dismiss this entire action pursuant to Fed.R.Civ.P. 41(a)(2). In support, plaintiff maintains that upon examination of defendant's affidavit and supporting exhibits, plaintiff believes that his RICO claim is unprovable in a cost effective manner. *See* Document 8 of the Record at ¶ 3. While maintaining that his state law claim is meritorious, plaintiff believes that the state courts are the proper forum for resolution of this claim. In opposition, defendant maintains that Count II should be dis-

missed with prejudice as plaintiff has admitted that the RICO count is not maintainable. In addition, defendant seeks summary judgment as to Count I, claiming that this court has diversity jurisdiction over that count and that it is entitled to judgment as a matter of law. For the reasons set forth below, the court will dismiss Count II of plaintiff's complaint without prejudice and require plaintiff to submit a supplemental brief.

## FACTUAL BACKGROUND

In his Complaint, plaintiff alleges that he agreed to purchase twelve (12) holstein dairy cows on December 19, 1985 and pay for the same by a wire transfer of $9,625.00 from his bank in Pennsylvania to defendant Royal Bank of Canada on December 20, 1985. The Complaint alleges that upon receipt of the wire transfer, defendant credited the money to the account of one of its trust subsidiaries, rather than to the account of J.J. Deslippe Holsteins, the seller of the cows. Plaintiff claims that he received numerous calls from J.J. Deslippe Holsteins demanding payment for the cows, whereby plaintiff advised Holsteins of the wire transfer. Plaintiff contacted his bank in Troy, Pennsylvania, Citizens and Northern, in an attempt to locate the missing funds. Allegedly, Citizens and Northern contacted defendant in an attempt to locate the money that had been transferred on December 20, 1985. On January 3, 1986, defendant located the money but informed Citizens and Northern that it could not transfer the money from its trust department to J.J. Deslippe Holstein's account without written authority from Citizens and Northern. Such written authority was granted by Citizens and Northern on the same day and on January 6, 1986, the money was credited to the proper account. In Count I of the Complaint, plaintiff claims that defendant was negligent in failing to credit the wire transfer to the proper account and claims that as a result of the seventeen (17) day delay plaintiff's reputation, credit rating and abil-

ity to consummate cattle deals have been severely and irreparably damaged. Count II asserted a RICO claim.

## DISCUSSION

The court will treat the two counts of plaintiff's Complaint in reverse order.

### Count II

At the outset, the court recognizes that the parties are in agreement that plaintiff's RICO claim should be dismissed. Indeed, plaintiff seeks dismissal of the RICO claim pursuant to Fed.R.Civ.P. 41(a)(2). The dispute concerns whether this dismissal should be with or without prejudice. Defendant maintains that plaintiff's failure to rebut defendant's Motion to Dismiss concerning this count warrants dismissal with prejudice. Accordingly, the court must determine whether plaintiff's request to voluntarily dismiss Count II in the wake of defendant's Motion to Dismiss that same count should be with or without prejudice.

Fed.R.Civ.P. 41(a)(2) provides that an action may be voluntarily dismissed by order of the court upon such terms and conditions as the court deems proper. The rule also provides that unless otherwise specified in the order, dismissal under this paragraph is without prejudice.[1] The purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure,* ¶ 2364 at 165 (1971). When a plaintiff moves for dismissal under Rule 41(a)(2) and asks that the dismissal be without prejudice, or does not specify that it be with or without prejudice, the matter is left to the discretion of the court. *Id.* at § 2367. In this case, the court will permit dismissal without prejudice to a further action on the same claim. *Id.* at 184.

Plaintiff seeks dismissal of his RICO count because he believes that it cannot be effectively prosecuted on any sort of cost

---

1. Defendant has not pled a counterclaim in this action and, therefore, this aspect of Rule 41 need not be discussed.

effective basis. *See* Document 10 of the Record at 3. In response, defendant avers that on equitable grounds, plaintiff should not be permitted to charge the defendant in the RICO count and then, after failing to support the claims, request dismissal without prejudice. As defendant states, "Plaintiff's misuse of the judicial system in this regard should not be permitted." *See* Document 12 of the Record at 20.

Generally, dismissal without prejudice should be permitted unless the court finds that the defendant will suffer legal prejudice. *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46, 50 (1st Cir.1981). "Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal." *Id.* (*citing* 9 Wright & Miller, *Federal Practice and Procedure,* § 2363, at 165 (1971)). Defendant has not come forward with any evidence to show that it will suffer legal prejudice if plaintiff's motion is granted. The allegation that plaintiff should not be permitted to abuse the judicial process is insufficient to warrant dismissal with prejudice. Accordingly, plaintiff's motion will be granted and dismissal will be without prejudice.

While dismissal will be without prejudice, the court will impose costs and reasonable attorney's fees as a condition of the voluntary dismissal. Of course, the costs and attorney's fees will be permitted only insofar as they are related to the RICO count of the Complaint. While costs are not always required as a condition for a voluntary dismissal, it is usually considered necessary for the protection of the defendant. *Id.* at 51; *see also Cone v. West Virginia Paper Co.,* 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947) (plaintiff traditionally has an unqualified right upon payment of costs to take a nonsuit in order to file a new action after further preparation unless defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit). Defendant will be afforded an opportunity to submit to the court specific documentation detailing its expenses in defending against Count II and plaintiff will be afforded an opportunity to challenge the same. Consequently, plaintiff's Motion for Voluntary Dismissal Without Prejudice will be granted conditioned upon plaintiff paying defendant's costs and reasonable attorney's fees incurred in defending Count II of the Complaint.[2]

### Count I

Plaintiff likewise seeks dismissal without prejudice for Count I of his Complaint which contains his state law claims. He maintains that Pennsylvania state courts provide the proper forum for resolution of these state law claims. His argument is based on the premise that the dismissal of his RICO count renders the exercise of pendent jurisdiction improper under *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Defendant, on the other hand, seeks summary judgment in its favor on Count I. Defendant has attempted to establish that this court has jurisdiction over the state law claims based on diversity of citizenship as opposed to pendent jurisdiction.

The court finds that diversity jurisdiction may be lacking because the requisite amount in controversy of $10,000.00 may not be satisfied. Therefore, plaintiff's Motion for Voluntary Dismissal Without Prejudice and defendant's Motion for Summary Judgment as to Count I will be held in abeyance.

Plaintiff is directed to explain why this action should be dismissed without prejudice due to a lack of subject matter jurisdiction. Specifically, if plaintiff now claims an amount in controversy of less than ten thousand (10,000) dollars, this position should be set forth. On the other hand, if greater than ten thousand (10,000) dollars is claimed, it would be futile for the court to permit plaintiff to refile in state court because defendant again could remove the

---

2. Presumably, the costs and attorney's fees would primarily consist of defendant's expenditures in filing and preparing its Motion to Dismiss Count II. It does not appear from the Record that substantial discovery has been undertaken in this case.

**42**

action to federal court on the basis of diversity jurisdiction.

If plaintiff agrees that the instant matter is within this court's jurisdiction, the remaining grounds in defendants' motion should be addressed in detail. Especially, plaintiff must discuss the appropriate law to be applied and the measure of damages in cases such as this. While the court does not preclude plaintiff from seeking a voluntary dismissal of Count I, the reasons for such a dismissal must be elucidated.

An appropriate Order will enter.

### ORDER

NOW, this 30th day of December, 1986, in accordance with the reasoning set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Plaintiff's Motion for Voluntary Dismissal Without Prejudice is granted as to Count II of his Complaint.

(2) Defendant's Motion to Dismiss Count II With Prejudice is denied.

(3) Defendant is awarded its costs and reasonable attorney's fees incurred in defending against Count II.

(4) Plaintiff's Motion for Voluntary Dismissal Without Prejudice and defendant's Motion for Summary Judgment are held in abeyance as to Count I of plaintiff's complaint.

(5) Plaintiff file a supplemental brief in accordance with the accompanying Memorandum within fifteen (15) days.

(6) Defendant may, if it desires, file a reply within ten (10) days of plaintiff's filing.