**Frederick J. SHULLEY, Plaintiff,**

v.

**Jerome M. MILEUR, George E. Como, Pioneer Valley Sports, Inc., Scott Carter, and Cliff Wilson, Defendants.**

**Civ. A. No. 86–1786.**

United States District Court,
M.D. Pennsylvania.

March 6, 1987.

Laurence W. Dague, Paul A. Adams, Debra M. Kriete, Shumaker and Williams, P.C., Harrisburg, Pa., Marc Tarlow, Seidensticker, Keiter, Tarlow & Baughman, P.C., York, Pa., for plaintiff.

R. Stephen Shibla, Thomas A. French, Harrisburg, Pa., for Scott Carter & Cliff Wilson.

Richard M. Howland, Amherst, Mass., for Mileur, Como & Peioneer Valley Sports, Inc.

### MEMORANDUM

CALDWELL, District Judge.

In this action plaintiff, Frederick J. Shulley, contended that defendants, Scott Car-

ter and Cliff Wilson, wrongfully interfered with the option he held to purchase a minor league baseball franchise. Plaintiff has now filed a motion, pursuant to Fed.R. Civ.P. 41(a)(2), to dismiss this proceeding without prejudice against said defendants.[1] They oppose the motion. They believe that dismissal should be with prejudice or, if ordered without prejudice, the court should impose conditions upon the dismissal, including an award of attorney's fees in defending the action.

Rule 41(a)(2) provides, in pertinent part, that:

Except as provided in paragraph (1) of this subdivision of this rule,[2] an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

The standard for considering a Rule 41(a)(2) motion was summarized in *John Evans Sons, Inc. v. Majik Ironers, Inc.,* 95 F.R.D. 186, 190 (E.D.Pa.1982) as follows:

Whether a dismissal should be granted on a Rule 41(a)(2) motion lies within the sound discretion of the Court, *Ockert v. Union Barge Line Corp.,* 190 F.2d 303, 304–05 (3d Cir.1951); 9 Wright & Miller § 2364 at 161. The purpose of the Rule is primarily to prevent voluntary dismissals which will prejudice the opposing party, and to permit the Court to impose curative conditions by the Court to avoid such prejudice. *Id.* at 165. Generally, courts have followed the principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *See Westinghouse Electric Corp. v. United Electrical Radio and Machine Workers of America,* 194 F.2d 770, 771 (3d Cir.1952); 9 Wright & Miller § 2365 at 165.

In arguing that dismissal should be with prejudice, defendants contend that the cru-

---

1. The claim against the other defendants was dismissed by motion of plaintiff pursuant to Fed.R.Civ.P. 41(a)(1)(i).

2. Subdivision (1) is inapplicable since defendants filed their answer before plaintiff moved to dismiss.

cial issue in the case has already been settled by the submission of affidavits indicating that no sale of the baseball club occurred during the time that plaintiff had an option to purchase. Consequently, plaintiff decided not to pursue this action. No purpose would therefore be served by leaving open the possibility of a subsequent lawsuit which could disrupt the operation of the club during the season.

■ Plaintiff counters, by noting, among other things, that this litigation was only commenced on December 18, 1986, no discovery was ever taken although depositions were scheduled, and plaintiff agreed to discontinue it when presented with the affidavits.

■ We agree with plaintiff that dismissal should be without prejudice. This case simply did not proceed sufficiently enough to warrant any other disposition affecting the merits of plaintiff's claim. *Compare Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257 (E.D.N.Y.1986) (motion to dismiss denied when action had been pending for two years, defendant had expended substantial sums on pretrial discovery, and the motion was made on the eve of trial) (citing *Ferguson v. Eakle*, 492 F.2d 26 (3d Cir.1974)). Additionally, the prospect of a subsequent lawsuit is not sufficient to deny a motion to dismiss without prejudice. *See Miller v. Trans World Airlines, Inc.*, 103 F.R.D. 20 (E.D.Pa.1984).

But, as both sides agree, we may impose such "terms and conditions" as we deem proper. Defendants argue that we should condition dismissal without prejudice upon the following: (1) payment of their attorney's fees in connection with this action; (2) the filing of any subsequent suit must be in this forum and; (3) the subsequent suit cannot include a request for a temporary restraining order or preliminary injunction.

Awarding attorney's fees as a condition to voluntary dismissal without prejudice is very common. *See Pittsburgh Jaycees v. United States Jaycees*, 89 F.R.D. 454 (W.D. Pa.1981).

There is no question that Rule 41(a)(2) authorizes a court to award costs and attorneys' fees as a condition of voluntary dismissal and numerous courts have done so where a voluntary dismissal has been granted *without prejudice*. See 9 Wright & Miller § 2366; 5 Moore's Federal Practice ¶ 41.06 and cases cited therein. The purpose of the awards in such cases is to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy. *John Evans Sons, Inc., supra*, 95 F.R.D. at 191 (emphasis in original).

In the instant case, we believe that reasonable attorney's fees should be awarded defendants. While they have not submitted the customary itemization showing attorney hours and rates, we will grant them twenty days to do so. They may include in that itemization any time spent in preparing it. Plaintiff shall have fifteen days from the date of receipt of the itemization to oppose the reasonableness of the amount claimed or to refuse the condition we have placed upon his voluntary dismissal and to proceed with this action. *See Lau v. Glendora Unified School District*, 792 F.2d 929 (9th Cir.1986). In the alternative, plaintiff may promptly notify this court of his decision to withdraw the motion to dismiss. In lieu of this procedure, the parties may amicably agree upon the amount of attorney's fees payable to defendants. If the parties reach an amicable agreement, they shall so notify the court.

In regard to defendants' remaining conditions, we decline to impose them upon plaintiff.

We will issue an appropriate order.

### ORDER

AND NOW, this 6th day of March, 1987, upon consideration of plaintiff's motion for voluntary dismissal pursuant to Fed.R. Civ.P. 41(a)(2), it is ordered that:

1. Plaintiff's motion is granted and this action is dismissed as against defendants, Scott Carter and Cliff Wilson, without prejudice pursuant to Fed.R. Civ.P. 41(a)(2).

2. The dismissal is conditioned upon plaintiff's payment of the reasonable at-

torney's fees defendants incurred in the defense of this action.

3. Defendants shall, within twenty (20) days of the date of this order, submit an itemization of the amount they contend is reasonable attorney's fees, along with a supporting brief if they deem it appropriate. Defendants may also claim any time spent in preparing the itemization.

4. Plaintiff shall have fifteen (15) days from the date of receipt of the itemization to oppose the reasonableness of the amount claimed or to refuse the condition we have placed upon his voluntary dismissal and to proceed with this action.

5. In lieu of the above procedure, the parties may amicably agree upon the amount of attorney's fees payable to defendants. If the parties reach an amicable agreement, they shall so notify the court.