CITIZENS SAVINGS ASSOCIATION, on its own behalf and derivatively; Colonial Savings Association, on its own behalf and derivatively; W–C Service Corporation, on its own behalf and derivatively; and Citizens Savings Association, as successor in interest by way of merger on behalf of Citizens Savings Association and Colonial Savings Association, Plaintiffs,

v.

Barry N. FRANCISCUS; Vivian K. Spiese, Executrix of the Estate of Lloyd Kline, deceased; Mary B. Rothrock; Grover C. Artman; Frederic P. Bromer; Albert H. Spinner; Linda S. Kauffman; James L. Bovender; D. Clyde Long; Preston L. Horn; William Logeman; Guy U. Sheffer; Charles C. Dietz; John M. Boddington; and Grover Fred Artman, II, Defendants.

Civ. No. 85–1892.

United States District Court, M.D. Pennsylvania.

Jan. 22, 1988.

Andrew Hailston, Bruce L. Morgan, Henkelman, Kreder, O'Connell & Brooks, Scranton, Pa., for plaintiffs.

Bruce E. Cooper, Harrisburg, Pa., for Franciscus, Rothrock, Artman, Bromer, Spinner, Kauffman, Bovender, Long, Horn, Logeman, Sheffer, Dietz & Artman, II.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Presently before the court is plaintiffs' motion to voluntarily dismiss without prejudice. For the reasons set forth below, the court will grant the motion upon the condition that plaintiffs reimburse defendants for their reasonable attorney's fees and costs in defending this action.

### FACTS

Plaintiffs instituted this action on December 30, 1985. The named defendants were allegedly officers and directors of Colonial Savings Association (Colonial), accountants for Colonial and the Pennsylvania Department of Banking. Plaintiffs aver that Citizens Savings Association (Citizens) and Colonial merged on December 29, 1983 and that Citizens subsequently discovered delinquencies and related problems with regard to certain "nationwide" loans. Plaintiffs claim that defendants violated the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, by fraudulently misrepresenting the status of the nationwide loans during merger negotiations. Specifically, plaintiffs maintain that defendants committed indictable offenses under 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud). Plaintiffs also assert various pendent claims based upon state law. There have been no counterclaims or cross claims.[1]

By Memorandum and Order dated April 21, 1986, the Pennsylvania Department of Banking was dismissed from this case. By Memorandum and Order dated December 30, 1986, the summary judgment motions of Colonial's officers and directors were denied. *See Citizens Sav. Ass'n v. Franciscus*, 656 F.Supp. 153 (M.D.Pa.1986). Plaintiffs have dismissed with prejudice their claims against McKonly & Co. and McKonly & Asbury upon the exchange of mutual releases, and plaintiffs reportedly have agreed to dismiss with prejudice their

---

1. Plaintiffs filed a "protective action" in the Court of Common Pleas of Lackawanna County, No. 85–Civ–4071. The docket sheet for the state court action indicates that there has been no activity in that case since November 15, 1985 when plaintiffs filed a praecipe to reissue summonses.

claims against Vivian K. Spiese, John M. Boddington, Guy U. Sheffer and Frederic P. Bromer upon a similar exchange of mutual releases. *See* documents 83 and 85 of the record; document 92 at 3; and document 95 at 2.[2] In fact, plaintiffs have expressed willingness to dismiss all defendants with prejudice once appropriate mutual releases have been executed and delivered. *See* document 95 at 2.

Extensive discovery has taken place in this action, and discovery concluded in early October of 1987. *See* document 92 at 4. A pretrial conference was held on October 16, 1987, and jury selection and trial were scheduled for October 22, 1987. On October 20, 1987, the remaining defendants filed a motion for summary judgment on plaintiffs' RICO claims, and plaintiffs submitted a motion to voluntarily dismiss without prejudice on October 22, 1987. In light of these developments, the trial was continued. At the request of counsel for the remaining defendants, the court issued an Order on November 4, 1987 holding the remaining defendants' summary judgment motion in abeyance pending adjudication of plaintiffs' motion to dismiss.

The parties have briefed the relevant issues, and plaintiffs' motion to voluntarily dismiss without prejudice is now ripe for disposition.

## DISCUSSION

Rule 41(a) of the Federal Rules of Civil Procedure provides for voluntary dismissals. Rule 41(a)(1) permits the plaintiff to voluntarily dismiss either before an answer or a summary judgment motion is served or on the stipulation of all parties. Since plaintiffs' motion in the present case was filed after the conclusion of discovery, Fed. R.Civ.P. 41(a)(2) applies. Fed.R.Civ.P. 41(a)(2) states in pertinent part:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and

upon such terms and conditions as the court deems proper.

■ A motion for voluntary dismissal under Fed.R.Civ.P. 41(a)(2) lies within the sound discretion of the district court. *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974). In general, a dismissal should be allowed unless the defendant will suffer some plain legal prejudice. *Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257, 259 (E.D.N.Y. 1986); *Miller v. Trans World Airlines, Inc.*, 103 F.R.D. 20, 21 (E.D.Pa.1984); Wright & Miller, *Federal Practice and Procedure:* Civil § 2364. "The purpose of [Fed.R.Civ.P. 41(a) ] is primarily to prevent voluntary dismissals which will prejudice the opposing party, and to permit the court to impose curative conditions ... to avoid such prejudice." *Shulley v. Mileur*, 115 F.R.D. 50, 51 (M.D.Pa.1987) (Caldwell, D.J.) (quoting *John Evans Sons, Inc. v. Majik–Ironers, Inc.*, 95 F.R.D. 186, 190 (E.D.Pa. 1982)). *See also Peifer v. Royal Bank of Canada*, 121 F.R.D. 39, 40 (M.D.Pa.1986) (Nealon, C.J.) ("The purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions"). "[T]he prospect of a subsequent lawsuit is not sufficient to deny a motion to dismiss without prejudice." *Shulley*, 115 F.R.D. at 52. Whether a voluntary dismissal would be prejudicial to a defendant depends upon the circumstances of each case. *Miller*, 103 F.R.D. at 21.

■ The imposition of costs is not always a prerequisite for a voluntary dismissal without prejudice, although it is often necessary for the protection of the defendant, and the decision whether or not to impose costs and attorney's fees upon the plaintiff is within the discretion of the court. *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 51 (1st Cir.1981). "Awarding attorney's fees as a condition to voluntary dismissal without prejudice is very common." *Shulley*, 115 F.R.D. at 52 (citing *Pittsburgh Jaycees v.*

---

**2.** Defendants Spiese, Asbury, Boddington and Sheffer are still listed as parties to this action on the court's records. Counsel are directed to promptly file appropriate documentation to clarify the current status of these individuals in this action.

United States Jaycees, 89 F.R.D. 454 (W.D. Pa.1981)). "The purpose of the awards [of costs and attorney's fees as a condition for dismissal] ... is to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy." *Shulley*, 115 F.R.D. at 52 (quoting *John Evans Sons, Inc.*, 95 F.R.D. at 191). "While costs are not always required as a condition for a voluntary dismissal, it is usually considered necessary for the protection of the defendant." *Peifer v. Royal Bank of Canada, supra*, 121 F.R.D. at 41 (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947), for the proposition that a plaintiff traditionally has an unqualified right upon the payment of costs to take a nonsuit in order to file a new action after further preparation unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit).

█ In determining whether a dismissal without prejudice would cause harm to the defendant, a district court should consider, *inter alia*, the following factors:

(1) The excessive and duplicative expense of a second litigation;

(2) The effort and expense incurred by the defendant in preparing for trial;

(3) The extent to which the current suit has progressed;

(4) The plaintiff's diligence in bringing the motion to dismiss.

*Bosteve, Ltd.*, 110 F.R.D. at 259; Wright & Miller, *Federal Practice and Procedure:* Civil § 2364.

In *Peifer v. Royal Bank of Canada, supra*, this court faced a situation wherein the plaintiff sought to dismiss his federal law claim without prejudice under Fed.R. Civ.P. 41(a)(2) and the defendant argued that the dismissal should be with prejudice. The court granted the plaintiff's motion to dismiss without prejudice conditioned upon his payment of the defendant's costs and reasonable attorney's fees incurred in defending the federal law claim. Similarly, in

*Shulley v. Mileur, supra*, Judge Caldwell granted the plaintiff's motion to dismiss without prejudice under Fed.R.Civ.P. 41(a)(2) with the caveat that the plaintiff was required to pay the defendants' reasonable attorney's fees. In both of these cases, substantial discovery had not yet taken place. *Peifer*, 121 F.R.D. at 41 n. 2; *Shulley* 115 F.R.D. at 52.

In *Ferguson v. Eakle, supra*, the Third Circuit held that a district court's grant of the plaintiff's motion under Fed.R.Civ.P. 41(a)(2) was an abuse of discretion inasmuch as the motion was made after discovery was completed and upon the eve of trial. The district court apparently did not condition the dismissal upon payment by the plaintiff of the defendants' costs or attorney's fees. In rendering its decision, the Third Circuit emphasized the financial and non-financial[3] prejudice suffered by the defendants. *See also Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d at 50–51 (First Circuit affirmed district court's Order dismissing the action without prejudice and without imposing costs or attorney's fees where the record indicated ample grounds on which the district court could conclude that the plaintiff acted in good faith and where much of the discovery remained relevant to a separate suit before another court).

In the present case, plaintiffs have not enunciated their motivation in moving to voluntarily dismiss without prejudice at such a late stage in the proceedings. In their brief in support of their motion to dismiss, plaintiffs merely make summary arguments that they "did not act in bad faith" and that "the information gained through the discovery process could equally be used in the second litigation," apparently referring to the pending "protective action" in the Court of Common Pleas of Lackawanna County. *See* document 91 at 4. Plaintiffs have not, however, indicated to the court whether they in fact intend to pursue the state action, and in light of developments in this litigation such as plaintiffs' acknowledged willingness to dis-

---

**3.** The non-financial prejudice incurred by the defendants stemmed from the fact that the title to their property was in question while the lawsuit was pending. *Ferguson*, 492 F.2d at 29.

miss the case with prejudice with respect to all remaining defendants upon the exchange of mutual releases, *see* document 95 at 2, the court questions whether the state court action will actually be pressed and whether the discovery in this case realistically remains relevant for other litigation.

On the other hand, the remaining defendants in their brief in opposition to plaintiffs' motion to dismiss maintain that a dismissal without prejudice should not be granted in this case for the following reasons:

(1) Defendants have gone to great expense and effort in conducting discovery in preparation for trial; [4]

(2) Plaintiffs have not given a reason for requesting dismissal;

(3) Plaintiffs' motion to dismiss was made after defendants moved for summary judgment and was intended as a means to avoid summary judgment; [5]

(4) Defendants would lose the advantage of the court's language in the December 30, 1986 Memorandum and Order in this case; [6]

(5) Defendants wish to preserve their right to bring a malicious prosecution action against plaintiffs.[7]

*See* document 92 at 7–9. Thus, defendants contend that the court should either dismiss this action with prejudice or should deny plaintiffs' motion to dismiss and reach the merits of defendants' summary judgment motion.

■ The court will grant plaintiffs' motion to voluntarily dismiss without prejudice conditioned upon their payment of the remaining defendants' reasonable attorney's fees and costs. The court reads the body of case law discussed above as holding that dismissals without prejudice should be allowed when no harm will result to the defendant or when curative conditions can alleviate any harm incurred by the defendant. In the present case, the remaining defendants have established only financial prejudice, *i.e.,* their attorney's fees and costs in defending this action. By requiring plaintiffs to reimburse defendants for these expenses, the court will insure that the remaining defendants return to the same position which they enjoyed prior to the commencement of this

---

**4.** The remaining defendants make a passing reference to "emotional and psychological trauma associated with the experience of getting ready for trial," *see* document 92 at 7, but they do not explain this assertion or otherwise make a claim for non-financial injury.

**5.** With respect to the third factor listed above, the court notes that the remaining defendants' summary judgment motion (1) was submitted only two days prior to the filing of plaintiffs' motion to dismiss, (2) was stayed at defense counsel's request without the submission of any briefs in support summary judgment and (3) addresses only plaintiffs' RICO claim.

**6.** The remaining defendants are presumably referring to the following passage:

The court expects, however, that upon completion of discovery, plaintiffs will act in good faith and will, if necessary, discontinue this suit as to any defendants concerning whom there is no evidence of involvement in the requisite predicate acts. In order to sustain a RICO claim, a plaintiff must present proof that *each* defendant was in some manner involved in the performance of the requisite predicate acts. *See Beck v. Cantor, Fitzgerald & Co., Inc.,* 621 F.Supp. 1547 (N.D.Ill.1985);

and *Eaby v. Richmond, supra* [561 F.Supp. 131 (E.D.Pa.1983)]. The court questions, for example, how defendants Boddington and Grover Fred Artman, II could have been involved in any of the alleged predicate acts since they were never directors or officers of Colonial (footnote omitted).

If plaintiffs fail to narrow the scope of their lawsuit as the evidence may warrant at the conclusion of discovery, any defendants who maintain that there is insufficient evidence linking them to the requisite predicate acts may submit a summary judgment motion. At that time, the court will require plaintiffs to set forth each act of mail fraud or wire fraud with the specificity demanded by the court in *Conan Properties, Inc. v. Mattel, Inc.,* 619 F.Supp. 1167, 1172 (S.D.N.Y.1985) (footnote omitted), and to detail each defendant's possible involvement therein.

*Citizens Sav. Ass'n v. Franciscus,* 656 F.Supp. at 160.

**7.** A dismissal without prejudice can result in injustice to a defendant by precluding that defendant from bringing a subsequent action for malicious prosecution. *Selas Corp. of America v. Wilshire Oil Co. of Texas,* 57 F.R.D. 3, 6 (E.D.Pa.1972).

lawsuit.[8]

Counsel for the remaining defendants will be directed to submit within fifteen (15) days the customary itemization showing attorney hours and rates, including in that itemization any time spent in preparing the itemization itself. Plaintiffs shall have fifteen (15) days from the date of receipt of the itemization to oppose the reasonableness of the amount claimed or to refuse the condition which the court has placed upon their voluntary dismissal without prejudice and to proceed with this action or seek dismissal with prejudice. In the alternative, plaintiffs may promptly notify this court of their decision to withdraw the motion to voluntarily dismiss without prejudice. In lieu of this procedure, the parties may amicably agree upon the amount of attorney's fees payable to the remaining defendants, and if so, the parties shall promptly notify the court.

An appropriate Order will issue.

---

8. Of course, should the court find the amount of the remaining defendants' attorney's fees unreasonable, the court will not return defendants to their position prior to this lawsuit by awarding unreasonable reimbursement.

Inasmuch as it is uncertain, at best, whether plaintiffs will pursue their state court "protective action" and whether the discovery in this case realistically remains relevant for separate state court proceedings, the court is unable to conclude that the reimbursement to defendants should be limited to their reasonable attorney's fees and costs for defending against only the RICO claim.