**Cynthia M. MALESKI, Insurance Commissioner of the Commonwealth of Pennsylvania and Statutory Liquidator for Corporate Life Insurance Company,**

v.

**DP REALTY TRUST, et al.**

Civ. A. No. 93–3339.

United States District Court,
E.D. Pennsylvania.

Aug. 3, 1995.

James C. Stroud, Rawle & Henderson, Philadelphia, PA, Jerome J. Shestack, William G. Frey, Zachary L. Grayson, Bernard Chanin, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, Kevin F. Berry, Thomas B. Fiddler, Philadelphia, PA, Richard E. Miller, Bray Berry Martin & Reardon, Philadelphia, PA, James C. Schwartzman and Jeffrey D. Cooper, James C. Schwartzman & Associates, Philadelphia, PA, for plaintiffs.

Alan M. Rosen, William A. Harvey, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, PA, and John H. Perten, Bowditch and Dewey, Framingham, MA, for defendants.

## MEMORANDUM

LUDWIG, District Judge.

This action is before the Court of Appeals. Plaintiff, the Pennsylvania Insurance Commissioner, requests an advisory statement vis-a-vis whether a voluntary or court-approved dismissal would be allowed should the Court of Appeals grant plaintiff's motion to remand. Having considered defendants' objections, this Court upon remand would permit a dismissal under either Fed.R.Civ.P. 41(a)(1)(i) or 41(a)(2).

On June 22, 1993 Corporate Life Insurance Company filed the present action. On February 15, 1994 the Pennsylvania Commonwealth Court ordered the dissolution of Corporate Life, as a result of which the Insurance Commissioner became statutory liquidator and was substituted here as plaintiff. On July 1, 1994 plaintiff filed an action in Pennsylvania Commonwealth Court alleging claims paralleling those in this action. By order of October 3, 1994 the present action was stayed per *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). On November 2, 1994 defendants appealed the stay order.[1]

On March 14, 1995 plaintiff filed a motion for remand[2] with the Court of Appeals in order to move for voluntary dismissal under Fed.R.Civ.P. 41(a)(1)(i) or, in the alternative, for dismissal approved by order of court under Fed.R.Civ.P. 41(a)(2).[3]

A plaintiff may voluntarily dismiss an action "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed.R.Civ.P. 41(a)(1)(i). "Rule 41 is designed to 'fix the point at which the resources of the court and the defendant are so committed that dismissal without preclusive consequences can no longer be had as matter of right.'" *Safeguard Business Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir.1990) (citations omitted). In 1946, Rule 41(a)(1)(i) was amended to prohibit voluntary dismissal as of course

---

1. "As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir.1985) (citations omitted). However:

   When an appellant in a civil case wishes to make a [dispositive motion] ... while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion.

   *Id.* at 123 (quoting *Main Line Federal Savings and Loan Associations v. Tri–Kell*, 721 F.2d 904, 906 (3d Cir.1983)) (quoting *Smith v. Pollin*, 194 F.2d 349, 350 (D.C.Cir.1952)).

2. No explanation has been given for moving for remand before obtaining this statement of intention.

3. Noting that the case was "inherited" from Corporate Life, plaintiff argues that she should be entitled to her choice of forum unless defendants can show substantial prejudice. Motion for voluntary dismissal at 1, 4.

where a motion for summary judgment had been filed by the adverse party. *See* Fed. R.Civ.P. 41, advisory committee notes "A motion for summary judgment may be forthcoming prior to answer, and if well taken will eliminate the necessity for an answer. Since such a motion may require even more research and preparation than the answer itself, there is good reason why the service of the motion, like that of the answer, should prevent a voluntary dismissal by the adversary without court approval." *Id.*

■ Here, in lieu of answering the complaint, defendants moved to dismiss under Rule 12(b)(6). At the time of the entry of the stay order the dismissal motion had not been decided, the action having been focused on plaintiff's motion for a preliminary injunction. Because affidavits[4] were submitted with the 12(b)(6) motion, defendants contend that it should be regarded as a motion for summary judgment.[5] Response to motion for voluntary dismissal at 4.

■ The filing of a Rule 12 motion that contains matters outside the complaint does not automatically convert it into a summary judgment motion. "The court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." 5A Wright and Miller, Federal Practice and Procedure § 1366 (2d ed. 1990). Rule 56 becomes applicable only when "the court decides to accept matters outside the pleading." *Id.* Here, no deter-

mination was made to proceed under Rule 56. The threshold maneuvering in the case proved to be unusually fractious—with an individual defendant who owned half of the equity in the defendant corporations suddenly transferring his interest to then plaintiff Corporate Life. Before any consideration was given to the Rule 12 motion, Corporate Life had been put into liquidation. The Rule 12 motion cannot be said to have been converted into a summary judgment motion. Accordingly, plaintiff, on remand, would not be precluded from voluntarily dismissing this action under Fed.R.Civ.P. 41(a)(1)(i).

■ Dismissal would also be allowed under Rule 41(a)(2). Under this subsection, dismissal is discretionary but should not be allowed where defendant would be prejudiced. *Sinclair v. Soniform, Inc.,* 935 F.2d 599, 603–04 (3d Cir.1991). Factors to consider are:

(1) The excessive and duplicative expense of a second litigation;

(2) The effort and expense incurred by the defendant in preparing for trial;

(3) The extent to which the current suit has progressed; and

(4) Plaintiff's diligence in bringing the motion to dismiss.

*Citizens Savings Ass'n v. Franciscus,* 120 F.R.D. 22, 25 (M.D.Pa.1988) (citations omitted). Here, the action is in its preliminary stages—the pleadings are not complete and little discovery has been conducted. Defendants' claims against plaintiff will be consid-

4. On September 7, 1993 defendants filed a motion to dismiss and a motion to transfer supported by two affidavits in regard to the transfer issue together with copies of agreements entered into between the parties. Thereafter, an amended complaint was filed by plaintiff Corporate Life. On October 21, 1993 defendants filed motions to dismiss and to transfer supported by the affidavits attached to the first motions. On October 21, 1993 defendants filed two affidavits in support of the motion to dismiss. On November 8, 1993 plaintiff Corporate Life responded to the motion to dismiss. The response included the verification of Charles S. Lunden, a consultant to Corporate Life and an officer and director of Corporate Life prior to October 1991, and attached agreements, letters and account statements. On November 17, 1993 defendants filed a reply. On December 1, 1993 plaintiff Corporate Life filed a sur-reply. The sur-reply includ-

ed the transcript of witness Steven Sechrest from a preliminary injunction hearing in this case. Sur-reply to motion to dismiss, exhibit A. The motion, response, reply and sur-reply were all filed before the statutory liquidator was substituted as plaintiff.

5. If, on a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b). "A trial judge has the discretion to consider evidence outside the complaint in ruling on motions to dismiss." *Kulwicki v. Dawson,* 969 F.2d 1454, 1462 (3d Cir.1992) (citations omitted). Where a trial court is presented with matters outside the pleadings and does not exclude them, the motion will be treated as one under Rule 56. *Id.*

ered in the state court action.[6] Motion for voluntary dismissal at 5. Moreover, the validity of the *Burford* stay will be considered in the related case of *Feige v. Sechrest*, No. 94–6738, 1995 WL 91429 (E.D.Pa. filed June 22, 1993), *appeal docketed*, No. 94–2110 (3d Cir. November 16, 1994), which was transferred from the District of Massachusetts and stayed for the same reasons as *Corporate Life*.

According to defendants, dismissal of this action will prejudice them because if they win both the pending appeal and thereafter the dismissal/summary judgment motion, certain of the Pennsylvania Commonwealth Court claims would be subject to preclusion. Response to motion for voluntary dismissal at 7. More than merely in its recitation, this claim of prejudice seems far-removed. It is also asserted that dismissal of this case without prejudice would prevent defendants from filing an action for malicious prosecution. *Id.* As plaintiff notes, that opportunity, if appropriate, would still be available should defendants prevail in the state court action. Motion for voluntary dismissal at 4 n. 2. The liquidation in the Pennsylvania Commonwealth Court must go forward regardless of what occurs to the actions in this court. Many of the issues are interrelated and intermingled involving the same parties, witnesses and events. There are voluminous accounting disputes. It makes no sense to litigate much of this history twice, and claim preclusion is not a realistic answer.

▮ Defendants request reimbursement for expenses incurred by them in pursuing this action for over a year, including attorney's fees. Response to motion for voluntary dismissal at 8. Dismissal under Rule 41(a)(2) is ordinarily not allowed unless conditioned on plaintiff's reimbursement of defendant's expenses. *See Citizens Savings*, 120 F.R.D. at 25; 5 James W. Moore, et al., Moore's

Federal Practice ¶ 41.06 (2d ed. 1995). However, "terms and conditions should not be attached by the court to an order of voluntary dismissal where plaintiff could have dismissed the action by filing a notice of dismissal pursuant to Rule 41(a)(1)(i)." *Id.* at § 41.02[4]. Here, since dismissal would be appropriate under Rule 41(a)(1)(i), reimbursement of expenses would not be imposed. Even if defendants' Rule 12(b)(6) motion were considered tantamount to a Rule 56 motion and, as such, a bar to a Rule 41(a)(1)(i) voluntary dismissal, it would not be equitable to require this plaintiff to pay defendants' expenses.[7]

### NOTICE OF INTENTION

AND NOW this 3rd day of August, 1995, if this action were remanded by the Court of Appeals, either a voluntary dismissal or a dismissal with court approval would be allowed. Fed.R.Civ.P. 41(a)(1)(i); 41(a)(2).

---

6. Defendants have asserted 12 counterclaims in the state court action. Reply to motion for voluntary dismissal at 4. They also claim to have "substantial claims against the Statutory Liquidator which are appropriate for this Court and not the Commonwealth Court due to, *inter alia*, jurisdictional considerations." Response to motion for voluntary dismissal at 7. However, they have not identified the claims that cannot be brought in state court.

7. Plaintiff's position is that these expenses "are largely attributable to [defendants'] ... pre-liquidation skirmishes with then-plaintiff Corporate Life, and ... post-liquidation efforts to resist the stay. Little [was] ... accomplished ... on the merits." Reply to motion for voluntary dismissal at 4. This view appears well taken.