**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3484
_____

WHOLESALE FIREWORKS, CORP., WHOLESALE FIREWORKS, INC.;
WHOLESALE FIREWORKS III, INC.

v.

WHOLESALE FIREWORKS ENTERPRISES, LLC,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:20-cv-00796)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 1, 2021.

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: October 5, 2021)

_____

**OPINION**[*]

_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Judicious copying is a tool. It helps busy courts save time and resolve cases quickly. But the copy may not fit the new case. Here, when the District Court lifted an earlier opinion to resolve a later dispute, it applied the wrong legal test, so we must remand.

Wholesale Fireworks Enterprises sued Wholesale Fireworks Corporation for trademark infringement. Partway through discovery, the plaintiff decided to end the litigation and asked the District Court to dismiss without prejudice. The court obliged. The defendant then filed a motion to reconsider, asking the court to award attorney's fees as a condition of the dismissal without prejudice. Instead, the court dismissed *with* prejudice, yet it refused to award the defendant attorney's fees. Because the defendant already had "the benefit of a final determination of the controversy," the court thought it did not need to award fees to avoid prejudice to the defendant. App. 677–78 (quoting *Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 24–25 (M.D. Pa. 1988)).

Dissatisfied, the defendant moved for attorney's fees again, this time under the Lanham Act. It argued that this trademark case was "exceptional." 15 U.S.C. § 1117(a). The District Court denied the motion. In doing so, it copied and pasted its earlier opinion denying fees. At the end, it tacked on three sentences about the Lanham Act. Though it asserted that this case is not "exceptional," it relied entirely on "this Court's familiarity with this matter." App. 4. It offered no analysis or specifics and cited no authorities beyond § 1117.

Now the defendant argues that this was a mistake. We review for abuse of discretion, "unless … the district court applied the wrong standard, which would be an error of law"

2

requiring de novo review. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 279 (3d Cir. 2000) (internal quotation marks omitted).

The District Court did not apply the right test. Under the Act, it should have considered whether "there [was] an unusual discrepancy" between the merits of the winning and losing party's positions, and whether the losing party "litigated … in an 'unreasonable manner.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). But the court considered neither. Because it copied and pasted its earlier reasoning, it focused only on whether a fee award would help to avoid prejudice to the defendant. We will thus vacate and remand.