Jan Abraham **DUTOIT**, Marie Dutoit

v.

**STRATEGIC MINERALS CORPORATION and Vametco Minerals Corporation.**

**Civ. A. No. 88-7505.**

United States District Court, E.D. Pennsylvania.

April 26, 1990.

Louis Samuel Fine, Fine and Staud, Philadelphia, Pa., for plaintiffs.

Joseph Goldberg, Margolis, Edelstein, Scherlis, Sarowitz and Kramer, Philadelphia, Pa., for defendants.

## MEMORANDUM

KATZ, District Judge.

This is a personal injury action arising out of an industrial accident that took place in South Africa. Defendants have moved for dismissal under Federal Rule of Civil Procedure 12(b)(2), for summary judgment, and for dismissal under the doctrine of forum non conveniens.

## FACTS

Jan Abraham Dutoit worked as a shift foreman at a Vametco Minerals Corporation ("Vametco") processing mill. The mill is located in Bophuthatswana, a black "homeland" within the Republic of South Africa. Although South Africa maintains that such homelands are sovereign nations, the United States does not recognize the independence of Bophuthatswana. Dutoit is a white citizen of South Africa employed by Vametco in Bophuthatswana.

On October 30, 1986, Dutoit was injured in an accident at the mill. According to the accident report, Dutoit was attempting to unclog a valve on an overflowing hopper when the hopper fell, striking Dutoit on the head. The hopper involved was installed by Vametco personnel in 1982. It was modified in 1985 by a South African engineering firm. Dutoit's injuries included fractures of the skull, jaw and neck. Plaintiffs commenced this action as well as one in South Africa, one in Connecticut and one in Delaware.

Defendants in this case are Vametco, a Delaware corporation with its principal place of business in South Africa, and Strategic Minerals Corporation, a Connecticut corporation headquartered in Danbury, Connecticut. Strategic owns approximately 90% of the outstanding common stock of Vametco. Strategic also operates two wholly owned subsidiaries in the United States: U.S. Vanadium Corporation ("USV") and U.S. Tungsten Corporation. The first of these, USV, is an occasional customer of Vametco. Since USV was formed in 1986 through the end of 1989, it purchased approximately 5.6% of its total supply of vanadium from Vametco. These sales were arms-length transactions made at prevailing market prices. None of this vanadium was shipped directly to Pennsylvania by Vametco.

Vametco's United States sales to its sister subsidiary represented a small portion of its total business. Approximately 95.8% of Vametco's sales since it was purchased by Strategic have been to unrelated customers in Europe and Japan. Vametco has a registered agent in Delaware and maintains an office in Danbury, Connecticut.

Since Strategic obtained its stake in Vametco in 1986, Vametco has operated as an independent entity. Although certain individuals are officers and directors of both corporations, there is no indication that the separate corporate existence of Vametco has been disregarded in any significant way.

## DISCUSSION

■ When a defendant raises a defense based upon lack of personal jurisdiction, the plaintiff bears the burden of proving that the defendant's contacts with the forum are sufficient. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir.1984). The plaintiff must come forward with sufficient jurisdic-

tional facts either through sworn affidavits, answers to interrogatories, depositions or other competent evidence to establish the court's jurisdiction over the defendant. *Id.* at 66–67 n. 9.

 Rule 4(e) of the Federal Rules of Civil Procedure permits a district court to assert personal jurisdiction over a nonresident to the extent allowed under the law of the state where the district court sits. Under Pennsylvania law, jurisdiction over nonresidents may be exercised to the fullest extent allowed under the United States Constitution. 42 Pa.C.S.A. § 5322 (Purdon 1989). The relevant inquiry, then, is whether the exercise of jurisdiction is permissible under the due process clause of the fourteenth amendment.

This is not a case in which the cause of action arises out of a defendant's actions in the forum or directed toward the forum. *See Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 112, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) (requirements of due process satisfied where defendant purposefully directs an action toward the forum state). The accident took place in South Africa and nothing about it has anything to do with Pennsylvania. If jurisdiction is appropriate here, then it must be on the basis of continuous and systematic general business contacts with Pennsylvania. *Helicopteros Nacionales de Columbia v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). The contacts in this case are weaker than those found insufficient in *Helicopteros.* There, contacts with the forum state included negotiation of a contract, accepting checks drawn on a forum state bank, purchasing goods and services, and sending employees to the forum state for training. *Id.* at 416, 104 S.Ct. at 1872. The only claimed contact in this case is that a small portion of Vametco's total output is marketed in Pennsylvania by another corporation. It would be unreasonable to expect Vametco to defend a lawsuit in Pennsylvania on this basis alone.

 Plaintiffs also urge the court to look past the corporate identities of Strategic and Vametco. Since Strategic is subject to jurisdiction in Pennsylvania, then Vametco would be too if the corporate veil between the two entities were pierced. A parent-subsidiary relationship is by itself an insufficient reason to pierce the corporate veil in the jurisdictional context. *Cannon Manufacturing Co. v. Cudahy Packing Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925). Plaintiffs have not shown that corporate formalities have been disregarded in any significant way. Nor has plaintiff demonstrated that Strategic acted as Vametco's agent in Pennsylvania. After ample time for discovery, the record reveals only Strategic's majority ownership of Vametco and a few shared officers and directors. On these facts, personal jurisdiction does not exist over Vametco through its affiliation with Strategic.[1] *See Botwinick v. Credit Exchange, Inc.,* 419 Pa. 65, 213 A.2d 349 (1965).

 Similarly, Strategic may not be held liable for an accident involving Vametco without piercing the corporate veil. The corporate veil may be pierced when the entity is used to defeat public convenience, justify wrong, protect fraud or defend crime.[2] *Sams v. Redevelopment Authority,* 431 Pa. 240, 244 A.2d 779 (1968); *Publicker Industries v. Roman Ceramics,* 603 F.2d 1065, 1069 (3d Cir.1979). The facts of this case reveal no potential injustice arising out of the maintenance of Vametco's corporate integrity. Thus, Strategic has no liability for the accident and is entitled to summary judgment.

The disposition of this case on the grounds set forth above makes it unneces-

---

**1.** At most, the record reveals that Vametco maintains an office and does business in Connecticut. That suggests that jurisdiction is appropriate there. However, that issue is not before me.

**2.** Both sides have presented primarily principles of Pennsylvania law in their briefs on the issue of piercing the corporate veil. While it is arguable that the law of Delaware, the place of Vametco's incorporation, or that of South Africa, the place where the alleged wrong took place, might apply, neither jurisdiction's rule would dictate a different result on the record before me.

sary for me to reach the forum non conveniens issue.

An order follows.

### ORDER

AND NOW, this 26th day of April, 1990, upon consideration of defendants' Motion for Dismissal under Rule 12(b)(2), for Summary Judgment, and Dismissal On Grounds of Forum Non Conveniens, and the response of plaintiffs, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED as follows:

1. Plaintiffs' complaint against Vametco Minerals Corporation is DISMISSED for want of personal jurisdiction.

2. Summary Judgment is GRANTED in favor of defendant Strategic Minerals Corporation and against plaintiffs.