**530**

UNITED STATES of America, Plaintiff,

v.

**EIGHTEEN VARIOUS FIREARMS,**
Defendant.

Civ. A. No. 91–6519.

United States District Court,
E.D. Pennsylvania.

May 17, 1993.

James H. Swain, Sonia C. Jaipaul, Philadelphia, PA, for plaintiff.

Gregory M. Harvey, Morgan, Lewis & Bockius, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

This matter comes before the court upon plaintiff's motion for voluntary dismissal of all claims against defendant pursuant to Fed. R.Civ.P. 41(a)(2). Defendant filed a response in opposition to the dismissal motion as well as a cross-motion for summary judgment.

This controversy began as long ago as 1968 while the claimant George E. Fassnacht, the owner of the various firearms at issue, was employed by the Central Intelligence Agency and stationed in Southeast Asia. While abroad, Mr. Fassnacht learned of the enactment of the Federal Gun Control Act of 1968 which required registration of machine guns and certain related devices ("Title II" items). The Bureau of Alcohol, Tobacco and Firearms ("ATF") declared a one-month amnesty period for the registration of all Title II items, commencing November 2 and expiring December 1, 1968. Mr. Fassnacht was out-

side the United States during the entire amnesty period.

When Mr. Fassnacht returned to the United States in 1971 and before he was able to register his firearms collection, the collection was seized during a warrantless search conducted by the Philadelphia Police Department and he was arrested. Mr. Fassnacht was subsequently acquitted of all criminal charges. Mr. Fassnacht instituted a declaratory judgment action in this court in 1974 which was dismissed for lack of prosecution in 1985. In 1989, during the course of further civil proceedings, the Philadelphia Police Department turned the eighteen firearms at issue in this case over to the ATF.

Pursuant to forfeiture procedures, following advertisement of the items and notice from ATF, on July 19, 1989 Mr. Fassnacht filed a claim and a cost bond with security in the amount of $2,500. On October 18, 1991, the Government filed this forfeiture action in this court.

The Government now seeks court approval to voluntarily dismiss the action without prejudice subject to conditions which would permit Mr. Fassnacht to register these eighteen firearms and entitle him to the return of the $2,500 security. Defendant advances four arguments in opposition to the Government's motion and in support of how he will be legally prejudiced by such action. First, defendant contends that the conditions of the dismissal do not legally commit the Government to refraining from seeking forfeiture of the eighteen firearms in a renewed proceeding. Second, the dismissal would cut off defendant's entitlement to counsel fees and expenses if the case were to proceed to final judgment against the Government. Defendant's third argument is rather unclear but appears to allege some prejudice resulting from the discovery process. Lastly, the dismissal would deny Mr. Fassnacht a judgment which he contends would be precedent to entitle him to register other Title II firearms which are not the subjects of this lawsuit.

Rule 41(a)(2) provides in pertinent part:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

■■■ The decision to grant a motion for voluntary dismissal is within the sound discretion of the court. *Shulley v. Mileur*, 115 F.R.D. 50, 51 (M.D.Pa.1987). The purpose of the rule is to prevent voluntary dismissals which will prejudice the opposing party and to permit the court to impose curative conditions to avoid such prejudice. *John Evans Sons, Inc. v. Majik–Ironers, Inc.*, 95 F.R.D. 186, 190 (E.D.Pa.1982). Generally, courts have followed the principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 863 (3d Cir.1990); *Citizen Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 24 (M.D.Pa.1988); *Shulley*, 115 F.R.D. at 51.

■■■ Upon review of the Government's proposed dismissal order and defendant's arguments, the court finds that the action should be dismissed pursuant to Fed.R.Civ.P. 41(a)(2). As to defendant's first contention, the threat of a second lawsuit is not a factor properly considered when deciding a Rule 41(a)(2) motion. Nevertheless, the Government's proposed conditions are couched in mandatory terms. If the Government does not allow Mr. Fassnacht to register these eighteen Title II firearms or fails to return his $2,500, he will be entitled to seek court intervention to compel compliance with these conditions. To this end, the court will retain jurisdiction over the case until such time as the conditions of the dismissal order have been fulfilled.[1]

Defendant has provided no authority for his assertion that if he were to prevail in this action that he would be entitled to counsel fees and expenses. We find that defendant's baseless assertion that he is entitled to attor-

---

1. Defendant also argues that the Statement of Claim and $2,500 security filed on July, 18, 1989 constitutes a counter claim within the meaning of Fed.R.Civ.P. 41(a)(2) which states: "If a counterclaim has been pleaded by a defendant prior to the service ... of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objections unless the counterclaim can remain pending for independent adjudication by the court." First, we do not follow

ney's fees and costs fails to set forth the type of prejudice which would overcome a motion for voluntary dismissal.

Finally, defendant argues that he is entitled to a judgment which would act as precedent for Mr. Fassnacht to be able to register other Title II firearms. This court cannot render a decision on matters not before it. As stated above, the conditions contained in the dismissal order are mandatory and compliance therewith will be subject to judicial enforcement. Our decision to grant the Government's motion will provide defendant the basic relief he seeks, that is, a commitment by the Government to permit him to register these eighteen firearms, thereby precluding an identical forfeiture proceeding in the future, and return of the firearms and the $2,500. However, while the Government has agreed to permit the registration of these firearms, it has not disclosed the basis of its decision. Contrary to defendant's assertion in the cross-motion for summary judgment, the Government has not conceded that Mr. Fassnacht is entitled to register the firearms for the reasons contained in his July, 1989 claim. Thus, summary judgment in defendant's favor would be improper. Even if the Government had conceded Mr. Fassnacht's position, there is no indication that the circumstances surrounding these eighteen firearms are identical to those surrounding the other firearms which Mr. Fassnacht seeks to register. There is nothing in the record to indicate that even if judgment was entered in defendant's favor that the judgment would act as precedent for the registration of the other firearms.

For the above reasons, the Government's motion to dismiss is granted subject to the terms and conditions set forth in the accompanying order and defendant's cross-motion for summary judgment is denied.

### ORDER

AND NOW, this 17th day of May, 1993 upon consideration of the Motion of the United States of America to Voluntarily Dismiss the action and the Defendant's Cross-Motion for Summary Judgment and the responses thereto, it is hereby ORDERED that:

1. Plaintiff's complaint in this matter is hereby DISMISSED pursuant Fed.R.Civ.P. 41(a)(2) without prejudice.

2. The Defendant/Claimant shall within sixty (60) days of the entry date of this order, deliver to the Bureau of Alcohol, Tobacco and Firearms the completed originals of the appropriate registration forms [ATF Form 5 (5320.5) (4–89) ] for each of the eighteen various firearms which are the subjects of this action to its Philadelphia, Pennsylvania offices.

3. The United States shall process the registration forms submitted by the Defendant/Claimant with respect to the eighteen various firearms which are the subject of this action.

4. After the processing of the registration of the weapons is completed, Plaintiff shall notify the Defendant/Claimant and deliver the subject firearms to the Claimant at the Plaintiff's Philadelphia, Pennsylvania offices.

5. Defendant's Cross–Motion for Summary Judgment is DENIED.

how the Statement of Claim and security constitutes a counter-claim, but in any event, the terms and conditions of the dismissal order effectively

resolves this "counter-claim" in defendant's favor, namely, the weapons will be returned to him and so will his $2,500.