**MOBIL OIL CORPORATION, Plaintiff,**

v.

**ADVANCED ENVIRONMENTAL RECYCLING TECHNOLOGIES, INC., Defendant.**

**Advanced Environmental Recycling Technologies, Inc., Counterclaim Plaintiff,**

v.

**Mobil Oil Corporation, Mobil Corporation, Mobil Chemical Company, Inc., Arthur C. Ferguson, and Paul M. Herbst, Counterclaim Defendants.**

**No. 92–351–JJF.**

United States District Court,
D. Delaware.

Oct. 11, 2001.

Richard L. Horwitz, Potter Anderson and Corroon, LLP, Wilmington, Delaware, John B. Williams, Collier Shannon Scott, PLLC, Washington, D.C. for Plaintiffs/Counterclaim Defendants.

Douglas E. Whitney, Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware, for Defendant/Counterclaim Plaintiff.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is Counterclaim Plaintiff's, Advanced Environmental Recycling Technologies, Inc ("AERT"), Motion To Dismiss Counterclaims Under Rule 41. (D.I. 578). For the reasons discussed below, AERT's Motion To Dismiss will be granted, and the counterclaims will be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(a)(2).

## BACKGROUND

In September 1993, the Court bifurcated the issues in this case for trial. (D.I.170).

The first trial addressed the patent claims raised in the Complaint filed by Mobil Oil Corporation and the patent law counterclaims raised by AERT. (D.I.170). These issues were decided at trial (D.I.470), and all appeals have been exhausted. (D.I.574). The second trial was to be dedicated to AERT's counterclaims alleging violations of the Sherman Act, false and deceptive advertising, breach of confidential relationship, and unfair competition. (D.I.170). In April 1994, the Court stayed discovery on AERT's counterclaims (D.I.403), and that stay was never rescinded. These counterclaims have not been tried or otherwise adjudicated, and remain pending before the Court.

In March 2001, AERT filed the present motion, requesting its counterclaims be dismissed without prejudice. (D.I.578). Plaintiff, Mobil Oil Corporation, and Counterclaim Defendants, Mobil Oil Corporation, Mobil Chemical Company, Inc., Arthur C. Ferguson, and Paul M. Herbst ("Mobil"), oppose the Motion. (D.I. 581, at 1). In Mobil's Response To AERT's Motion To Dismiss Counterclaims Under Rule 41, Mobil requested that the counterclaims be dismissed with prejudice. (D.I. 581, at 2).

### STANDARD OF REVIEW

When a plaintiff moves for a dismissal without prejudice under Rule 41(a)(2), the decision to dismiss with prejudice or without is left to the discretion of the court. *Buse v. Vanguard Group of Inv. Co.*, No. 91–3560, 1994 WL 111359, at *2 (E.D.Pa Apr. 1 1994). Specifically, Rule 41(a)(2) provides: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R.Civ.P. 41(a)(2)(2001). A Rule 41(a)(2) motion "will be determined after attempting to secure substantial justice to both parties." *DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82 (D.Del.1991) *citing Lunn v. United Aircraft Corp.*, 26 F.R.D. 12, 14 (D.Del.1960). Moreover, while considering the legitimate interests of both parties, the Court must bear in mind that a plaintiff's motion should

be granted absent substantial prejudice to the defendant. *Id.* at 10. The Court will now examine if a dismissal without prejudice would cause Mobil substantial undue prejudice.

### DISCUSSION

In its Motion To Dismiss Counterclaims Under Rule 41, AERT contends that this dismissal should be without prejudice, given that the Court has not ruled on the merits of the counterclaims, and no discovery has been conducted. (D.I. 578, at 2). Also, AERT contends that a dismissal without prejudice would not impair any rights or legal interests of Mobil. (D.I. 578, at 2). In response, Mobil offers two reasons why the dismissal should be with prejudice. (D.I. 581, at 2). First, Mobil contends that counterclaim discovery did occur, both before and after the patent trial. (D.I. 581, at 2). Second, Mobil contends that AERT failed to prosecute the counterclaims for nearly five years, and therefore, Mobil is entitled to a final resolution of AERT's counterclaims. (D.I. 581, at 2).

### I. Counterclaim Discovery

Specifically, Mobil contends that counterclaim discovery did occur, and that the counterclaims have been ready for trial since before 1994. (D.I. 581, at 2). Mobil contends that the Court ordered the parties to complete limited additional discovery with respect to the counterclaims, before staying the counterclaims pending appeal of the patent issues. (D.I. 403, at 2). Mobil cites several Docket Entries that occurred before and after the order to stay discovery (D.I. 403, at 2) in support of its position that discovery is complete. (D.I. 581, at 2).

AERT responds that Mobil's contention that discovery is complete is contradicted by the very docket entries that Mobil cites. (D.I. 582, at 2). Specifically, AERT contends that the Court stayed discovery on AERT's counterclaims (D.I. 403, at 2), and that stay was never rescinded. (D.I. 582, at 2).

█ The purpose of Rule 41(a)(2) is to prevent voluntary dismissals which prejudice the opposing party and to permit the imposi-

tion of curative conditions. *U.S. v. Eighteen Various Firearms*, 148 F.R.D. 530, 531 (E.D.Pa.1993). In considering a Rule 41(a)(2) motion, the Court must consider the legitimate interests of both parties, while bearing in mind that a plaintiff's motion should be granted absent substantial prejudice to the defendant. *Buse*, 1994 WL 111359 at *4. Therefore, the Court must look at the effects of a dismissal with prejudice, to see if the defendant will suffer some plain legal prejudice other than the prospect of another lawsuit. *DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82, 85 (D.Del.1991), *quoting In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 863 (3d Cir.1990).

█ Upon examination of the record, the Court concludes that discovery has not been so extensive that dismissal without prejudice would unfairly affect Mobil. An inspection of the Docket Entries reveals that 13 of the 27 Entries referred to by Mobil, are Notices and Re–Notices of upcoming depositions. (D.I. 582, at 2). Also among the Entries Mobil cites is Mobil's Notice Of Service Of Interrogatories Upon AERT (D.I.381), AERT's letter to the Court criticizing the procedure utilized by Mobil in seeking a dismissal (D.I.411), Mobil's letter to the Court requesting a teleconference to discuss discovery (D.I.433), the Court's response that a teleconference would be premature (D.I.435), and AERT's Motion For A Protective Order (D.I.395), which was denied. (D.I.403). Accordingly, the Docket Entries Mobil cites indicate that nothing occurred beyond preparation for the actual discovery.

In the Court's view, the discovery in this case did not progress enough to warrant a dismissal with prejudice. The dismissal without prejudice places Mobil in a position essentially no different from that which it occupied before the counterclaims were filed. The Court finds no prejudice to Mobil's interests other than the prospect of subsequent litigation. In sum, the Court concludes that discovery has not been so extensive to be tantamount to the "plain legal prejudice" which would preclude a dismissal without prejudice.

## II. Failure to Prosecute

Mobil contends that AERT failed to prosecute the counterclaims for nearly five years, and therefore, Mobil is entitled to a final resolution. (D.I. 581, at 2). Mobil contends that following the 1994 judgment, AERT took no action to prosecute the counterclaims. (D.I. 581, at 2). In addition, Mobil contends that three years later, in September 1999, the case was marked closed and AERT has done nothing to reopen it. (D.I. 568).

In response, AERT's indicates that Mobil's recitation of the procedural history is inadequate. (D.I. 582, at 2). Although the Court's judgment on the patent claims was affirmed by the Federal Circuit, two issues were still pending: (1) whether AERT was entitled to a new trial under Rule 60(b) and whether Mobil was entitled to recover attorneys' fees. (D.I.574). On September 30, 1999, the Court denied those motions and closed the case. (D.I.568). Both parties appealed, and the Court of Appeals for the Third Circuit affirmed this Court's decision in December 2000, resolving all active matters. (D.I.574). Therefore, AERT contends that it has reasonably prosecuted the counterclaims and its Motion To Dismiss should be granted.

The Court of Appeals for the Third Circuit has enumerated factors relevant to the district court's exercise of discretion in dismissing cases for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) willful conduct; (5) alternative sanctions; and (6) the meritoriousness of the claim. *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3rd Cir.1984).

Upon application of these factors to the current case, the Court determines that AERT did not exhibit a history of dilatoriness, or willful conduct intended to frustrate the efforts of Mobil or to obstruct the function of the Court. Three months passed from the date that the judgment of the first action was affirmed on January 1, 2001 (D.I. 574), to the date that AERT filed the Motion to Dismiss Counterclaims Under Rule 41, on March 21, 2001. (D.I.578). Furthermore, the Court finds a dismissal of AERT's counterclaims with prejudice could be unjust to AERT because the procedural history of this case demonstrates that AERT was timely within the untimely context of the progress of this matter.

### CONCLUSION

For the reasons discussed, AERT's Motion To Dismiss Counterclaims Under Rule 41 (D.I.578) is *GRANTED* pursuant to Fed. R.Civ.P. 41(a)(2), and the counterclaims are dismissed without prejudice.

An appropriate Order will be entered.