**Edward BAKER and Jack Miller, et. al., Plaintiffs,**

v.

**LIVANOVA PLC, Sorin Group Deutschland GMBH, and Sorin Group USA, Inc., Defendants.**

1:16-cv-00260

United States District Court, M.D. Pennsylvania.

Signed September 29, 2016

David S. Senoff, Melissa F. Hague, Paola Pearson, Anapol Weiss, Sol H. Weiss, Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C., Philadelphia, PA, William M. Audet, Audet & Partners, LLP, San Francisco, CA, for Plaintiffs.

Mark E. Gebauer, Eckert Seamans Cherin & Mellott, LLC, Harrisburg, PA, Bridget M. Ahmann, Linda S. Svitak, Faegre Baker Daniels LLP, Minneapolis, MN, Jared B. Briant, Faegre Baker Daniels LLP, Denver, CO, for Defendants.

### MEMORANDUM & ORDER

John E. Jones III, United States District Judge

Plaintiffs Edward Baker and Jack Miller bring the above-captioned putative class action asserting a medical monitoring claim against Defendants LivaNova PLC, Sorin Group Deutschland Gmbh ("Sorin") and Sorin Group USA, Inc. ("Sorin"). Plaintiffs filed an Amended Complaint on March 21, 2016 (Doc. 8) alleging that the putative class was exposed to nontuberculous mycobacterium ("MTM") through a Sorin 3T Heater-Cooler System ("3T System") used to regulate their blood temperature during open heart surgeries at WellSpan York Hospital ("WellSpan") and Penn State Milton S. Hershey Medical Center. ("Hershey"). Presently pending before the Court is Defendant LivaNova PLC's Motion to Dismiss for lack of personal jurisdiction and failure to state a claim ("the Motion"). (Doc. 24).[1] The Motion has been fully briefed (Docs. 25, 33, 35) and is therefore ripe for our review. For the reasons that follow, we shall grant the Motion.

### I. FACTUAL AND PROCEDURAL HISTORY

In accordance with the standard of review applicable to a motion to dismiss, the following facts regarding the claim itself are derived from Plaintiffs' Amended Complaint. (Doc. 8). However, because a challenge of personal jurisdiction under Rule 12(b)(2) allows the parties to produce competent evidence to either establish or refute jurisdiction, *see Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 330–331 (3d Cir.2009), facts regarding jurisdiction are derived from the Plaintiffs' Amended Complaint (Doc. 8), the briefs (Docs 25, 32, 35), and evidence attached to the filings.

---

1. Also pending before the Court is co-defendants Sorin and Sorin USA's motion to dismiss for failure to state a claim. (Doc. 22). This memorandum and order concerns only LivaNova PLC's Motion. The defendants have also filed a request for oral argument on both motions. (Doc. 34). That request is premised on the intricacies of the medical monitoring claim. (*Id.*). Because we find that LivaNova PLC is not subject to personal jurisdiction in this Court, and thus do not address sufficiency of the medical monitoring claim, we will not rule on the request for oral argument in this memorandum and Order.

Plaintiff and proposed class representative Edward Baker is a resident of Pennsylvania. (Doc. 8, ¶ 9). On March 18, 2015, Baker underwent a quadruple bypass at WellSpan York Hospital, and a Sorin 3T Heater-Cooler System was used during his surgery. (*Id.*). Plaintiff and proposed class representative Jack Miller is also a resident of Pennsylvania. (*Id.*, at ¶ 10). On March 27, 2015, Miller underwent a triple bypass surgery at WellSpan and a 3T system was used on him as well. (*Id.*). Both plaintiffs were exposed to NTM due to the use of the 3T System during their surgeries. (*Id.*, at ¶ 9–10).

LivaNova PLC is a public limited company incorporated in England and Wales, and is headquartered in London, United Kingdom. (Doc. 25, p. 7). LivaNova PLC is a holding company for Sorin and Sorin USA, and did not design, manufacture, or market the 3T System, or any other products. (*Id.*, at p. 16). Sorin is LivaNova PLC's wholly owned subsidiary, headquartered in Munich, and the registered manufacturer of the 3T System that was sold by Sorin USA to the hospitals in Pennsylvania. (*Id.*, at pp. 10–11). Sorin USA is also a wholly owned subsidiary of LivaNova PLC, headquartered in Colorado, and engaged in the business of marketing and selling the 3T System, specifically to WellSpan and Hershey in Pennsylvania. (*Id.*, at p. 9). Sorin and Sorin USA have not contested personal jurisdiction in this Court, and Plaintiffs argue that LivaNova PLC is subject to personal jurisdiction by nature of their relationship with the other two Defendants. (Doc. 32, p. 4).

According to LivaNova PLC, it "does not share officers, directors, managerial employees or executives with [Sorin], and it does not participate in or instruct the day-to-day marketing, sales, or business operations of [Sorin]. (*Id.* at p.11). Nor does LivaNova PLC "direct, manage, or facilitate product sales, marketing, or distribution networks for [Sorin]." (*Id.*). Similarly, Sorin USA "is solely responsible for all aspects of its sales operations, including setting prices, devising and executing promotional strategies, seeking credentialing form hospitals and other purchasing groups, and contracting with and invoicing customers." (*Id.*, at p. 10). LivaNova PLC firmly alleges that the only relationship between it and Sorin and Sorin USA is that of a parent company and its wholly owned subsidiaries. (*Id.*, at p. 20). The companies all share the common brand of "LivaNova" for their logos and email domains. (*Id.* at p.21). LivaNova PLC filed declarations of Brian Sheridan, Senior Vice President at LivaNova PLC, and Taylor Pollock, Vice President at Sorin USA, to confirm that LivaNova PLC does not control or otherwise influence the management of Sorin or Sorin USA. (Doc. 24, att. 1 and 2).

Plaintiffs allege that the companies are more involved with one another than LivaNova PLC states. In support, Plaintiffs point to the common use of "LivaNova" to refer to all three companies. (Doc. 32, p. 7). The Plaintiffs further point out that all three companies share a common LivaNova website, the website states that "Sorin is now LivaNova", and that two employees identified by LivaNova PLC as employed by Sorin USA represent on their LinkedIn profiles that they work for LivaNova PLC. (*Id.*, at pp. 6–7). Further, all communications regarding issues with the 3T System appear on LivaNova letterhead. (*Id.*, at p. 7). Plaintiffs also point to a letter from the U.S. Food and Drug Administration to LivaNova PLC about the issues with the 3T System to show that LivaNova PLC had control over the product. (*Id.*, at p. 4). Finally, Plaintiffs supplemented the record with transcripts from a Circulatory Devices Panel in which a presentation was made by "LivaNova" regarding the 3T System. (Doc. 41, att. 1 and 3).

In response, LivaNova PLC asserts that the letters sent regarding the 3T System on LivaNova letterhead was sent by its Sorin USA subsidiary (Doc. 35, p. 7), that "LivaNova" is a common brand between the companies rather than a reference to the holding company LivaNova PLC (*Id.*), and that a letter from the FDA to LivaNova PLC does not establish its contacts with Pennsylvania because it was receiving, rather than sending, the letter. (*Id.*). With regard to the presentation at the Circulatory Devices Panel, LivaNova PLC maintains that the presentation was given by Sorin or Sorin USA employees, and that even the presentation itself makes clear that the term "LivaNova" was used to represent the brand as opposed to LivaNova PLC. (Doc. 43, p. 7).

Plaintiffs filed a Complaint against the three defendants on February 12, 2016, on behalf of themselves and all others similarly situated. (Doc. 1). On March 21, 2016, Plaintiffs filed an Amended Complaint. (Doc. 8). On May 20, 2016, LivaNova PLC filed the instant Motion, and Sorin and Sorin USA filed a Motion to Dismiss for failure to state a claim, which is still pending before the court. (Doc. 22). The defendants also filed a request for oral argument. (Doc. 34). On August 16, 2016, Plaintiffs filed a motion to supplement the record with the transcripts of the presentation to the Circulatory Devices Panel, which was granted in part on September 20, 2016. (Doc. 44).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 4(e) allows a district court to assert personal jurisdiction over a non-resident to the extent allowed by the law of the state in which it sits. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir.1984). Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States." 42 Pa. C. S.A. § 5322(b).

■■■■ Due process requires that a defendant have sufficient "minimum contacts" with the state in which the court sits "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotations omitted). "Such minimum contacts are established when there is 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Isaacs v. Arizona Bd. of Regents*, 608 Fed.Appx. 70, 74 (3d Cir. 2015) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). When determining whether personal jurisdiction exists, the court must resolve the question based on the circumstances that the particular case presents. *Burger King*, 471 U.S. at 485, 105 S.Ct. 2174.

■■■■ A court may exercise personal jurisdiction based on a defendant's general or specific contacts with the forum. "General jurisdiction is based upon the defendant's continuous and systematic contacts with the forum." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir.2001) (internal quotations omitted). Specific jurisdiction is appropriate only if the "plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant 'should reasonably expect being haled into court' in that forum." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 (3d Cir.1996) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980)). Specific jurisdiction is established where "(1) the defendant purposely directed his activities at the forum

state; (2) the plaintiff's claim arises out of and relates to at least one of those specific activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice." *Isaacs*, 608 F.ed.Appx. at 74.

In deciding a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint are taken as true. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir.2010). However, once a jurisdictional defense is raised, the plaintiff bears the burden of proving, through affidavits, or competent evidence, sufficient contacts with the forum state to establish personal jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330–331 (3d Cir. 2009). Once the plaintiff makes out a prima facie case in favor of personal jurisdiction, the burden shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174.

## III. DISCUSSION

Plaintiffs advance three theories of personal jurisdiction over LivaNova PLC. First, Plaintiffs argue that LivaNova PLC's contacts with Pennsylvania are sufficient to provide specific personal jurisdiction over it. Second, Plaintiffs argue that Sorin and Sorin USA's contacts with Pennsylvania are imputed to LivaNova PLC under an "alter ego" theory, and those contacts provide a basis for personal jurisdiction. Finally, Plaintiffs argue that *World–Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 100 S.Ct. 580, provides a means for personal jurisdiction over LivaNova PLC. Each argument will be addressed in turn.

### A. Specific Jurisdiction based on LivaNova PLC's Contacts

To establish sufficient minimum contacts with Pennsylvania to sup-

port personal jurisdiction, "the defendant must have 'purposefully avail[ed] itself of the privilege of conducting activities within the forum." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir.2007) (citing *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). Plaintiffs point to five pieces of evidence to attempt to show minimum contacts between LivaNova PLC and Pennsylvania. (Doc. 32, p. 16).

First, Plaintiffs point to two letters, one from October 2015 and one from January 2016, addressed to United States purchasers of the 3T system and sent on LivaNova letterhead. (*Id.*). Plaintiffs point to the fact that the letters say for the purchasers to contact their "LivaNova" representative, as opposed to a Sorin or Sorin USA representative. (*Id.*, at p. 5). However, LivaNova PLC has provided evidence in the form of the Pollock and Sheridan declarations that the reference to "LivaNova" is a reference to the common brand rather than to LivaNova PLC the company, and that these communications were sent by Sorin and Sorin USA, respectively. (Doc. 35, at p. 7). Plaintiffs have not refuted this evidence with other competent evidence. As these letters were not sent by LivaNova PLC, they do not provide a basis for finding contacts with Pennsylvania.

Similarly, Plaintiffs point to a Food and Drug Administration Warning Letter sent to LivaNova PLC in reference to the 3T Systems. (Doc. 32, p. 16). As LivaNova PLC pointed out, this letter was sent *to* it by the FDA and does not demonstrate that LivaNova PLC purposefully availed itself to Pennsylvania. (Doc. 35, p. 7). To establish contacts with the forum state, "what is necessary is a deliberate targeting of the forum." *O'Connor*, 496 F.3d at 317. The "unilateral activity of those who claim some relationship with a nonresident defendant" is not enough to

show that the defendant purposefully availed itself of the privileges of the forum. *Hanson*, 357 U.S. at 253, 78 S.Ct. 1228. Thus, the FDA letter does not provide any basis for personal jurisdiction.

Next, Plaintiffs point to a January 5, 2016 investor update press release on the LivaNova website in an attempt to link LivaNova PLC with Pennsylvania. (Doc. 32, p. 16). This investor update does not show any relationship between LivaNova PLC and Pennsylvania, much less an affirmative action by LivaNova PLC to submit to Pennsylvania jurisdiction. The press release uses the common branding of LivaNova, which undisputedly is associated with the 3T System. However, Plaintiffs have not shown whether this release was issued by LivaNova PLC, Sorin, or Sorin USA, who all use the common branding. Further, even if the press release was issued by LivaNova PLC, it does nothing to establish a link between LivaNova PLC and the Middle District of Pennsylvania.

Finally, Plaintiffs point to two pages of a "LivaNova Annual Report" from 2015 where the 3T System is listed as a product and the United States is identified as a market. (*Id.*). Plaintiffs have the same problems with this evidence as they did with the investor update. First, Plaintiffs have not shown that this is a LivaNova PLC report as opposed to a report regarding one of the subsidiary companies who also use the LivaNova brand, as they have only included two isolated pages of the report. Second, even if this indeed is a LivaNova PLC report, Plaintiffs have not shown how this links the company to the jurisdiction of Pennsylvania. A general marketing strategy towards the United States does not show that LivaNova PLC committed any affirmative act to submit itself to the laws of Pennsylvania. In fact, the Pollock and Sheridan declarations make clear that LivaNova PLC "never manufactured, marketed, packaged, sold, distributed or advertised products in the State of Pennsylvania or elsewhere." (Doc. 35, p. 8). The investor update does not refute that assertion as it does not show that LivaNova PLC, as opposed to Sorin or Sorin USA, the admitted manufacturer and seller of the 3T System, marketed or otherwise contributed in the sale of the product.

The evidence submitted by Plaintiffs in an attempt to establish personal jurisdiction over LivaNova PLC based on its contacts with Pennsylvania falls extremely short of the minimum contacts required for due process. LivaNova PLC, in contrast, has provided evidence in the form of the Pollock and Sheridan declarations to make clear that LivaNova PLC is simply a holding company for Sorin and Sorin USA, and had no role in the marketing or sale of the 3T Systems at issue here. (*Id.*). Therefore, the Court cannot exercise specific personal jurisdiction over LivaNova PLC based on its own contacts with Pennsylvania.

### B. Alter Ego Jurisdiction

Plaintiffs next argue that Sorin and Sorin USA's contacts with Pennsylvania should be imputed to LivaNova PLC because LivaNova PLC is the alter ego of its subsidiaries.

In general, a "foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownerships of the shares of stock of a subsidiary doing business in that state." *Lucas v. Gulf & Western Industries, Inc.*, 666 F.2d 800, 805–806 (3d Cir.1981) (abrogated on other grounds by *EF Operating Corp. v. American Bldgs.*, 993 F.2d 1046, 1049 (3d Cir. 1993)). However, where a parent company is, in essence, operating as the alter ego of the subsidiary, a plaintiff may invoke the contacts of either organization to establish jurisdiction. *In re Chocolate Confectionary*

*Antitrust Litig.*, 602 F.Supp.2d 538, 570 (M.D.Pa.2009) (Conner, C.J.).

The Third Circuit has not set forth a definitive test for when the contacts of a subsidiary may be imputed to its parent company for purposes of jurisdiction. *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F.Supp.2d 411, 420 (E.D.Pa.2005). It has, however, offered a multitude of factors to consider in deciding whether "the two companies operate de facto as a single, organic entity." *In re Chocolate*, 602 F.Supp.2d at 569. The Middle District of Pennsylvania has adopted a ten-factor framework for determining whether an alter ego relationship exists between two companies such that contacts of the subsidiary should be imputed to the parent.

"The applicability of alter ego jurisdiction depends upon whether (1) the parent owns all or a significant majority of the subsidiary's stock, (2) commonality of officers or directors exists between the two corporations, (3) the corporate family possesses a unified marketing image, including common branding of products, (4) corporate insignias, trademarks, and logos are uniform across corporate boundaries, (5) corporate family members share employees, (6) the parent has integrated its sales and distribution systems with those of its subsidiaries, (7) the corporations exchange or share managerial or supervisory personnel, (8) the subsidiary performs business functions that would ordinarily be handled by a parent corporation, (9) the parent uses the subsidiary as a marketing division or as an exclusive distributor, and (10) the parent exercises control or provides instruction to the subsidiary's officers and directors."

*Id.*, at 569–570.

■ In consideration of these factors, it is clear that LivaNova PLC is not the alter-ego of Sorin or Sorin USA. First, it is true that LivaNova PLC owns all of the stock of Sorin and Sorin USA. (Doc. 35, page 16). To be sure, however, a "parent-subsidiary relationship is by itself an insufficient reason to pierce the corporate veil in the jurisdictional context." *Dutoit v. Strategic Minerals Corporation*, 735 F.Supp. 169, 171 (E.D.Pa.1990). Second, the Sheridan and Pollock declarations show that LivaNova PLC does not share officers, directors, or executives with Sorin or Sorin USA. (Doc. 35, p. 17).

The third and fourth factors in the alter ego analysis weigh in the Plaintiffs' favor. All three companies share the unified brand of "LivaNova", as well as a common website and logo at www.livanova.sorin. com. (Doc. 32, p. 19).

Next, LivaNova PLC has provided evidence refuting the existence of factors five, six, seven, eight, nine, and ten of the alter ego analysis. The Sheridan and Pollock declarations state that LivaNova PLC does not share any employees with Sorin or Sorin USA, does not participate in the marketing or sale of their products, does not exercise a managerial role over sales or day-to-day business activity of the companies, and does not have any role in any of the marketing or sales activity of Sorin and Sorin USA. (Doc. 35, pp. 17-19).

■ Thus, Plaintiffs' alter ego analysis boils down to the ownership of the subsidiaries and the common branding between the parties. These two factors alone cannot sustain an alter ego argument. The evidence has failed to "demonstrate the corporate parent['s] actual control over the daily affairs of [its] subsidiaries." *In re Chocolate*, 602 F.Supp.2d at 571. "Alter ego jurisdiction requires evidence of such control." *Id.*

Ultimately, Plaintiffs' "argument fails because, in the case of holding companies, 'the subsidiary is not performing a function that the parent would otherwise have had to perform itself (the holding company

could simply hold another type of subsidiary. In such a case, imputing jurisdictional contacts would be improper.' " *Action Mfg. Co.*, 375 F.Supp.2d at 422 (quoting *Gallagher v. Mazda Motor of America, Inc.*, 781 F.Supp. 1079, 1085 (E.D.Pa.1992)).

■ LivaNova PLC's relationship with its subsidiaries is analogous to the companies at issue in *In re Chocolate*. There, while the Court found that the "respective corporate families operate as integrated conglomerates with a single identity," that the parent company owned all of the stock of its subsidiaries, and the companies "cultivated a unified global image" through their websites and annual reports, the Court held that the "evidence does not construct a prima facie case of alter ego jurisdiction." *In re Chocolate*, 602 F.Supp.2d at 570–571. Without evidence that the parent company exercises control over its subsidiaries, alter ego jurisdiction cannot stand. *Id.*, at 571. It is undisputed that LivaNova PLC owns all the stock of Sorin and Sorin USA, and that all three companies operate under the united image of "LivaNova," but this evidence alone is insufficient to establish alter-ego jurisdiction. Because LivaNova PLC has shown through the declarations of Sheridan and Pollock that it does not control or otherwise contribute to the manufacturing, marketing, or selling functions of Sorin or Sorin USA, there is no alter ego relationship.

### C. *World–Wide Volkswagen Corp. v. Woodson*

■ Plaintiffs provide just three sentences and a large block quote from *World–Wide Volkswagen* in support of their third argument for personal jurisdiction. (Doc. 32, pages 23-24). This argument simply states the law that personal jurisdiction is appropriate where a defective product is in the forum state through "the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its product" in that state. *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. 580. No one disputes this standard: it is Supreme Court precedent and binding upon all courts. However, Plaintiffs have failed to show how this applies to LivaNova PLC. Plaintiffs provide no evidence to illustrate that LivaNova PLC is akin to a distributor who has targeted the Pennsylvania market. Wholly conclusory arguments do not provide a basis for personal jurisdiction.

### IV. CONCLUSION

LivaNova PLC provided competent evidence through the declarations of Brian Sheridan and Taylor Pollock to refute personal jurisdiction, whereas the Plaintiffs relied on unpersuasive documents and conclusory statements in an attempt to establish contacts between the company and Pennsylvania. Further, Plaintiff's allegation that LivaNova PLC is the alter-ego of Sorin and Sorin USA for personal jurisdiction purposes relies exclusively on the common marketing brand between the companies. A common brand is not enough to establish an alter ego relationship. For the foregoing reasons, LivaNova PLC's Motion shall be granted. Because we have determined that we do not have personal jurisdiction over LivaNova PLC, we do not reach its Rule 12(b)(6) arguments.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant LivaNova PLC's Motion to Dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction (Doc. 24) is **GRANTED**.

2. The Clerk shall **TERMINATE** LivaNova PLC as a Defendant in this action.